## Beale *against* The Bank.

A judgment assigned as collateral security for the payment of a debt, becomes for all purposes the property and under the exclusive control of the assignee. The latter is chargeable if it be lost through his neglect.

ERROR to the common pleas of *Alleghany* county.

The Farmers and Mechanics' Bank against George Beale. *Scire facias* upon a judgment.

The defendant gave in evidence the records of several judgments in his favour upon the docket of a justice of the peace, which he had assigned to Edward Simpson, Esq., for the use of the plaintiff, and gave evidence that 50 dollars had been paid on one of them to the justice.

Edward Simpson, Esq., having been sworn on behalf of the plaintiff, testified as follows:

" At the time the judgments were assigned, I had an execution out against Mr Beale, at the suit of the Farmers and Mechanics' Bank. He told me that he had a parcel of judgments on Esq. Enoch's docket against his brother-in-law. That he did not wish to coerce payment; but would assign them to me to pay this judgment. I took the assignment of the judgments and agreed to give him credit for any amount that might be paid on the judgments. I did not consider myself as bound to go on and see that they were collected. I never ordered any execution upon any of them, nor interfered in any way either by ordering or staying executions. When any money was paid I got it from Esq. Enoch, and gave credit for it. I got the money on William Pentland's and William B. Foster's judgments, and there is credit given for them in my account. Mr Beale never employed me as his attorney to get or collect the money, nor did he offer me any thing if I would get it. Those judgments were merely placed in my hands as collateral security by Mr Beale; they were not taken by me as payment; I would not have assumed such a responsibility.

" I am not a stockholder in the Farmers and Mechanics' Bank. This claim is not coming to me. Mr Beale gave me 10 dollars I think at the time these judgments were assigned. I did not consider myself in any way bound to go on and attend to the collection of the money on the judgments assigned. I never went for money collected by Esq. Enoch, upon these judgments, unless I had received notice of its having been collected. This was our understanding. Of the payment of the 50 dollars, by E. Pentland, I knew nothing until to-day on the trial of this cause."

Upon this evidence the court below, charged the jury that the

v.—3 R

[Beale v. The Bank.]

defendant was not entitled to the credit of 50 dollars paid to the justice.

*M'Candless* and *Fetterman,* for plaintiff in error, cited 2 *Wils.* 353; 2 *Ld. Raym.* 930; *Bull.* 182; 2 *Wash. C. C. Rep.* 191.

*Shayler,* for defendant in error.

PER CURIAM.—The judgment was undoubtedly taken as collateral security, and not as satisfaction; yet it became, to all intents, the property of the bank, and subject to its exclusive control the instant it was assigned. Had the defendant given directions for its collection, the justice might have disregarded them; and it was therefore the business of the bank to proceed with reasonable diligence. Such is admitted to be the abstract consequence of the relation created by the contract of assignment; but it is supposed that a different consequence was produced by the special nature of its terms. Is there a word in the testimony to show that the defendant agreed to give notice of payments in order to enable the bank to call on the justice for its money? Mr Simpson does not say that such was a distinct condition. He says it was the *understanding* that he should have notice; but this understanding, if it were worth any thing on other grounds, seems to have arisen, not from any thing expressed by the defendant, but from his own misapprehension of the legal consequences, in supposing that he was not bound to trouble himself with the business of collection because the defendant had not employed him. The terms of a special contract, however, are to be expressed, and not to rest in understanding merely, which is a matter of such dangerous tendency in legal estimation as to be incompetent evidence of an *ordinary fact.* The defendant was entitled to a credit for the payments lost by the supineness of the bank.

Judgment reversed, and a *venire de novo* awarded.