## Miller *against* Gettysburg Bank.

If a claim be transferred to a creditor as a collateral security for the payment of a debt, it is incumbent on such creditor to use ordinary diligence to realize the claim; and he would be responsible for loss occasioned by an omission to do so. But if the transfer be of a special character, authorizing the creditor to receive the claim when collected, then it imposes no responsibility on the creditor as to the diligent prosecution of it.

ERROR to the common pleas of *Adams* county.

James H. Miller against the Gettysburg Bank. Action on the case. James H. Miller being indebted to the Gettysburg Bank by two promissory notes, upon one of which William Miller was his security, and upon the other James Reid was the security; to indemnify them, confessed a judgment to William Miller for 1500 dollars, and to James Reid for 2425 dollars. These judgments were afterwards marked for the use of the bank; after which the following paper was executed and delivered to the bank.

" Sampson S. King, Esq.

" Sir:—You will proceed without delay with the collection of the accounts I left with you for that purpose, and as the money is received, pay it over to the Bank of Gettysburg, to be credited on the debt due by William Miller and James Reid, which they became liable for as my endorsers, for which purpose the said accounts are hereby transferred to the Bank of Gettysburg; and as soon as these claims are satisfied, this transfer to be void.

" James H. Miller."

[Miller v. Gettysburg Bank.]

The plaintiff's declaration alleged that there was a transfer to the bank of the claims therein mentioned, and the bank has neglected to prosecute them, whereby they were lost by the insolvency of the debtors and otherwise; and offered various matters of evidence to establish the facts. But the court below (Durkee, president) being of opinion that the legal interpretation of the paper was not such as to create any responsibility, for the prosecution or collection of the said claims, rejected all the evidence tending to show negligence on the part of the bank.

This opinion was assigned for error.

*Cooper* and *Alexander*, for plaintiff in error, cited 5 *Bin.* 392; 11 *Serg. & Rawle* 180: 7 *Serg. & Rawle* 109; 9 *Serg. & Rawle* 390; 1 *Dall.* 426; 14 *Serg. & Rawle* 27.

*Smyser* and *Stevens*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—This case depends on the construction of the instrument of the 2d of March 1822. On the part of the plaintiff it is contended that it was a transfer to the bank of the accounts then in the hands of Sampson S. King, Esq., justice of the peace, as a collateral security for the debt of Miller to the bank, and that the bank was bound to use due diligence to collect these accounts, and is responsible to the plaintiff for their neglect in that respect, by which several of them were lost. If the instrument were clearly such a transfer, it became the duty of the bank to use ordinary diligence in realizing these accounts, and they would be responsible for loss occasioned by any omission to do so. Beale *v.* The Bank, 5 *Watts* 529. The instrument, however, seems to be drawn in terms which will not admit of this interpretation. The accounts, which were very numerous, and many of them consisting of small items, had been previously placed by the plaintiff in the hands of the magistrate for collection. The plaintiff, then, by this order, directs the magistrate to proceed without delay in the collection. In that respect, no discretion or authority is given to the defendant to interfere or control the magistrate: his course is marked out. Then, as the money is received, he is to pay it over to the bank, for *which purpose* the accounts are transferred to the bank. This seems to convey no general control or power to the bank over these accounts, but merely an authority to receive the money when collected by the magistrate, under the instructions thus given to him by the plaintiff. The magistrate was to collect and pay over: the bank to receive and give an acquittance; and for that purpose only were the accounts transferred. When the debt of the bank was paid, the transfer was to terminate: for it proceeds to say, that as soon as the claims of the bank are satisfied (which might be either

VIII.—R*

[Miller v. Gettysburg Bank.]

out of these funds or in any other way) then the transfer is to be void.

According to the best construction, therefore, which I am able to give to this instrument, I am of opinion that it is not an absolute transfer of these accounts to the bank, but passes merely a qualified and restricted interest in the proceeds when collected, agreeably to the directions given by the plaintiff; that this order bound the claims when given, and continued to operate and bind them throughout; that after this order had been given, the interest of both parties in the accounts continued to such an extent, (until the defendants were paid,) that neither of them separately could give any new order to the magistrate varying the former, but if that were deemed necessary, the consent of both must have been obtained, and that under this instrument it was not incumbent on the defendant to prosecute the collection of the claims in the hands of the magistrate, or to do more than simply receive the money when paid over to them, and give an acquittance.    The parties must take the agreement such as they have chosen to make it—peculiar in its structure and phraseology, and of course in the duties it creates.

The determination of this point disposes of the bills of exception to evidence: for if the plaintiff's cause of action failed, the evidence to show the liability of the bank for the acts of its president was immaterial.

Judgment affirmed.