[No. 6,882.—Department Two.]

## JOHN FAY *v.* CHARLES McKEEVER ET AL.

DEMURRER—COMPLAINT—CLERICAL ERROR.—A complaint in ejectment against several defendants, alleged that the *defendant* committed the ouster, and was specially demurred to on this ground as ambiguous, unintelligible, and uncertain. *Held:* The Court did not err in overruling the demurrer.

EJECTMENT—DESCRIPTION OF LAND—FINDINGS—SUFFICIENCY OF EVIDENCE. In ejectment the Court found title in the plaintiff to the land described in the complaint, and an ouster by the defendants. *Held:* The finding was sustained by the evidence.

APPEAL from a judgment for the plaintiff, and from an

order denying a new trial, in the Fifteenth District Court, County of Contra Costa. DWINELLE, J.

The allegations of the complaint referred to in the opinion were as follows: "That while the plaintiff was such owner and so seized and possessed * * * of said land and premises, the said *defendant* did, on the day and year aforesaid, wrongfully, etc., * * *. enter into and upon the same, and oust and eject. the plaintiff therefrom, and ever since that day * * * have withheld, and still * * * do withhold, the possession thereof, etc. * * * Wherefore, the plaintiff prays judgment against the said *defendant*,' etc. The defendants demurred, on the ground "that the said complaint is ambiguous, unintelligible, and uncertain in this: that it does not appear from said complaint, or any part thereof, which one of the defendants, or that more than one defendant, did oust or eject the plaintiff from the premises described in the complaint." The complaint described the land sued for as being the fractional south half of Section 28, in Township 1 N., Range 4 W., M. D. Meridian, and also by metes and bounds. The Court found that the plaintiff, at the date of the ouster, was the owner in fee simple and in possession "of the premises described in the complaint, all of which is situated in Section 28, Township 1 N., Range 4 W.;" and that defendants ousted the plaintiff therefrom. From the evidence it appeared that a portion of the land was in Section 29 of the same township; but that all was included within the particular description by metes and bounds given in the complaint.

*L. M. Tewksbury* and *B. S. Brooks*, for Appellants.

The complaint is plainly ambiguous. The finding that all of the land is situated in section 28 is not sustained by the evidence.

*Flournoy* and *Mhoon*, for Respondents.

The complaint is unmistakable, and free from reasonable doubt. (*Salmon* v. *Wilson*, 41 Cal. 595.) It is true that a small portion of the land lies in section 29. The section line, however, is not material, as the land is described by outside boundaries in the complaint, judgment, and patent.

The COURT:

The complaint in this cause was demurred to. The defect in the complaint to which our attention is called is so clearly a mere clerical error, which could not have misled the defendants, that we do not feel warranted in disturbing the ruling of the Court below on the demurrer.

It is urged that the findings are not sustained by the evidence. To this we have only to say that there is a substantial conflict in the evidence as to the matters in which it is contended that the evidence is insufficient. We can not, then, reverse on this ground.

No error appears in the record, and the judgment and order are affirmed.