[No. 11817. Department One. — June 21, 1887.]

# A. G. GASSEN, APPELLANT, v. GEORGE H. BOWER, RESPONDENT.

IMMATERIAL ERROR. — Error which does not affect substantial rights is to be disregarded. Rule applied to a demurrer for ambiguity.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*W. J. Hunsaker*, for Appellant.

*John R. Jones*, and *E. W. Hendrick*, for Respondent.

HAYNE, C. — Action to quiet title. The defendant put in a cross-complaint praying for the correction of the certificate of acknowledgment of a deed of a married woman, which deed constituted one link in the chain of title. The court found that the property was the separate property of the married woman, and that the acknowledgment had in fact been made, but that by a blunder of the officer the certificate was defective, and decreed that it be corrected. It is not contended that the evidence was insufficient to support the finding, or that upon the facts found the judgment was improper. The single point made is that the cross-complaint did not aver that the property was the separate property of the married woman, and that therefore there was no cloud, and consequently that the court erred in overruling the plaintiff's demurrer for ambiguity.

While we think the pleading was obnoxious to criticism, it does not seem to us that it is so radically defective as to fail to support the judgment; and the provision of the code is, that "the court must, in every stage of an action, disregard any error or defect in the pleadings or

proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." (Code Civ. Proc., sec. 475.)

Where a pleading is demurred to for ambiguity, we think that if the party was not misled to his prejudice, the ambiguity cannot be said to " affect the substantial rights of the parties." And we do not think that in this case the appellant was misled.

· We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing. opinion, the judgment is affirmed.