[S. F. No. 870.   Department Two.—March 3, 1899.]

HAWLEY BROTHERS HARDWARE COMPANY, Respondent, *v.* ISAAC BROWNSTONE et al., Appellants.

ACTION UPON NOTE—PARTNERSHIP—PLEADING—AMBIGUITY—RADICAL DEFECT.—In an action upon notes executed in a firm name, where the members of the firm are described as defendants in the caption of the complaint, but the body of the complaint throughout uses the term "defendant" in the singular number, and alleges that the "defendant" has not paid the notes, the complaint is subject to a demurrer for ambiguity, and is so radically defective, that where such demurrer was overruled, and the plaintiff declined to amend when the defect was pointed out, and judgment was rendered for the plaintiff upon the sustaining of a demurrer to the answer, the judgment must be reversed.

ID.—DEFENSE—COUNTERCLAIM—PLEDGE OF NOTES AS COLLATERAL—RIGHTS AND DUTY OF PLEDGEE—LOSS BY NEGLIGENCE.—An action upon notes cannot be defended merely upon the ground that other notes were pledged to the plaintiff by the defendants as collateral security, as the pledgee may recover the principal debt without first exhausting the security.   But the pledgor is bound to use ordinary diligence to preserve the legal validity of the pledge, and if collaterals are lost through the negligence of the pledgee, he is answerable for the loss, and the pledgor may counterclaim for the loss in an action upon the principal debt.

ID.—ALLOWING STATUTE OF LIMITATIONS TO RUN UPON COLLATERALS.—Where, by the negligence of the pledgee, the collection of collateral securities has been lost by operation of the statute of limitations, and such statutory defense has become perfect, the pledgor in an action upon the principal debt may by a counterclaim recover the value of his collateral, even though it be not known that the debtor will, when sued upon the collateral, plead the statute in defense.

APPEAL from a judgment of the Superior Court of Fresno County.   J. R. Webb, Judge.

The facts are stated in the opinion.

L. L. Cory, and Stanton L. Carter, for Appellants.

W. B. Good, and Chickering, Thomas & Gregory, for Respondent.

CHIPMAN, C.—Action upon certain six promissory notes by verified complaint. A demurrer, on the grounds: (1) of insufficiency of facts, and (2) ambiguity, was overruled. Defendants answered denying that they had not paid the notes in suit, and as a separate defense alleged that prior to the commencement of the action defendants transferred to plaintiff certain promissory notes as collateral security for the indebtedness sued upon; that as to one of said collateral notes, made by one J. S. Branch, for the sum of six hundred and two dollars and forty-two cents "plaintiff neglected and refused to take proceedings to enforce its collection and permitted the same without the consent and against the will of defendants to become barred by the statute of limitations," and that if plaintiff had used reasonable diligence the said note could have been collected; as to the other collateral notes it is alleged on information and belief that plaintiff could have enforced collection sufficient to pay and discharge defendants' indebtedness to plaintiff by the exercise of reasonable diligence; that at different times before the commencemnt of the action defendants demanded of plaintiff to take immediate steps to enforce the collection of the said collateral notes or return the same to defendants, but plaintiff refused to do the one or the other; that by reason of plaintiff's gross carelessness and negligence in failing and refusing to enforce collection of said notes, defendants have been damaged in a sum largely in excess of any amount due plaintiff upon the obligations in suit; that all said collateral notes were, when transferred to plaintiff, due, owing and payable from the parties respectively executing them; "that some amounts have been paid upon said notes, the amount and time of payment being unknown to the defendants." An accounting between plaintiff and defendants with reference to the notes sued upon and the payment made upon said transferred notes is asked, and that plaintiff be charged with the face value of all said assigned collateral notes, and that they be applied in payment of the notes sued upon.

A demurrer for insufficiency of facts was interposed to the

answer, and on the further ground of uncertainty. The court sustained the demurrer to the answer and gave plaintiff judgment, from which defendants appeal.

1. It does not appear anywhere in the complaint who are the defendants, except in the caption or title of the cause of action. They are there stated to be "Isaac Brownstone and Joseph Brownstone, partners, doing business under the firm name and style of I. Brownstone & Co., defendants." The references to defendants in first count in the body of the complaint are as follows: "Comes now plaintiff . . . . and for a first cause of action herein against defendant, alleges: . . . . during all the time in this second amended complaint mentioned . . . . the above named defendant was a copartnership, and carrying on business as merchants and traders . . . . under the firm name and style of I. Brownstone & Co., and that the members of said firm of I. Brownstone & Co. are residents of the county and state aforesaid." But there is here no allegation as to who constitute the firm. "Defendant, by its firm name, made and delivered to plaintiff its certain promissory note," et cetera. The note is signed I. Brownstone & Co. "The defendant has not paid the said note," et cetera. The subsequent separate causes of action, of which there are five, read: "For a . . . . cause of action in this its second amended complaint" (the words "against defendant," as alleged in first count are omitted) plaintiff alleges: . . . . "Defendant, by its firm name, made and delivered to the plaintiff its certain promissory note," et cetera; "defendant has not paid the said note." Each subsequent count contains the same allegations. The notes are all signed I. Brownstone & Co. "Plaintiff prays for judgment against said defendant for the aggregate principal sum of," et cetera. The demurrer is upon the ground: 1. Of insufficiency of facts; and 2. "Each and every cause of action . . . . is ambiguous, in that it alleges that the above-named defendant (singular) was a copartnership, but it does not appear upon the face of the complaint, or any of the causes of action therein stated, which, if any, of the defendants was a copartnership, and whether or not said defendants were or either of said defendants was a copartnership at the time of the commencement of the action"; nor does it appear who, if any, were the members of I. Brownstone & Co.;

nor does it appear by whom or by which of the defendants, if any, the note in each cause of action was made or delivered to plaintiff.

It is essential to a good complaint that nonpayment be alleged, as failure to pay constitutes the breach. (*Scroufe v. Clay*, 71 Cal. 123; *Notman v. Green*, 90 Cal. 172; *Barney v. Vigoreaux*, 92 Cal. 631, and numerous other cases.)

To allege that "the note nor no part thereof has been paid," or to allege that "defendant (where there is but one defendant) has not paid said note nor any part thereof" is sufficient. The question here is whether it can be ascertained from the complaint who are the defendants, or who is the defendant. The caption is no part of the complaint unless referred to by appropriate allegation in the body of the complaint. To have alleged that "the defendants above named," et cetera, would have been a good reference, as would have been "the defendants" (plural) without the words "above named." And where the caption shows two or more defendants, and in the body of the complaint the word "defendant" (singular number) is used, but is manifestly a clerical error which could not have misled the defendants, has been held good on demurrer for ambiguity. (*Fay v. McKeever*, 59 Cal. 307.) The rule generally is, that if the party was not misled to his prejudice, the ambiguity cannot be said to affect his substantial rights, and a judgment should not be reversed by reason of such defect or error; and so held if the pleading is easy of comprehension and free from reasonable doubt. (*Gassen v. Bower*, 72 Cal. 555; *Alexander v. Central etc. Co.*, 104 Cal. 532; *Salmon v. Wilson*, 41 Cal. 595.)

No general rule can be laid down to determine the exact degree of ambiguity which will be fatal on demurrer. The case here is wholly unlike that of *Fay v. McKeever, supra*, where the court thought the error clearly clerical. Here the error is persistent and runs through six separate counts, and in the use of the possessive pronoun, referring to the defendant, the neuter gender, singular number, is used, showing that the pleader had in mind the copartnership as the defendant and not the persons or one of the persons composing the partnership. It is not possible by any reading of the complaint, without interpolation, to say, whether one, and if one, which one, of the persons named in

the caption, or whether both, or whether the partnership by its common name, is the defendant. To make the pleading intelligible and free from ambiguity we must change the language in several material particulars. We must change the word "defendant" to "defendants" in all the counts, wherever the word defendant appears; we must change the word "its" to "their," so that it will refer to the persons sued as copartners, and we must make the complaint show, what it does not, that they, the defendants named, were copartners as I. Brownstone & Co.; and that the several notes were executed by these defendants in the copartnership name. To do this would extend the liberal rules of construction beyond reasonable bounds.

The allegation that the "defendant" has not paid said notes, et cetera, is not an allegation as to both defendants; *non constat* but that one of them did pay them. The complaint has some semblance of an action under section 388, of the Code of Civil Procedure, by which an association may be sued by its common name; but the caption shows and respondent says that this was not the theory of the action. Besides, the judgment is against the defendants, naming the persons, as members of the firm, and runs against them jointly and severally, although the prayer is that plaintiff have judgment against the defendant (singular). Other objections to the complaint might be pointed out, but we deem these to be sufficient.

Respondent cites numerous cases to show the reluctance of the appellate court to reverse a judgment on demurrer for ambiguity. It will be found, I think, that an important difference exists between cases where there was no answer or trial on the merits and cases where the defendant has answered and there was a trial, for in the latter case the court is in better position to judge whether the defendant was misled to his prejudice. Where, however, plaintiff refuses to amend when the imperfection to his complaint is pointed out, and takes judgment on the default of defendant to answer, this court has no guide but the complaint itself by which to determine whether it is so radically defective as to fail to support the judgment or is so ambiguous as to mislead as to its meaning. In the cases cited by respondent the answer and the trial were factors which aided the court in determining the essential fact. An example is *Alexander v. Cen-*

*tral etc. Co., supra.* The demurrer to the complaint should have been sustained.

2. The demurrer to the answer ought not to have been sustained. Appellant claims that the answer denied payment, and at least presented that issue. The denial reads: "Deny that the defendant has not paid the said note . . . . but alleges in that behalf that said note has been fully paid . . . . as more fully appears in the separate answer and defense hereinafter set forth." This is not an unequivocal denial, but it is a qualified denial, as the separate answer alleges how payment was made. If, however, the facts constituting the alleged payment have the effect to discharge the notes, and are properly cognizable as a defense, we think the demurrer should have been overruled. In substance the answer is that defendants gave to plaintiff certain notes as collateral security, which plaintiff, through its gross negligence, failed to collect, although urged to do so by defendants; and that as to one note (that signed by J. S. Branch) for six hundred and two dollars and forty-two cents, plaintiff allowed it to become barred by the statute of limitations. As to all of these collateral notes, except the Branch note, the answer fails to show that they were no longer enforceable by reason of plaintiff's neglect, or had thereby become lost to defendants. The allegations as to these securities are insufficient. The securities were but a pledge (Code Civ. Proc., secs. 2986, 2987); and the pled could recover the debt for which the pledge was given without first exhausting the pledge. (*Ehrlich v. Ewald,* 66 Cal. 97.)

As to the Branch note, respondent concedes that defendants have a good cause of action against plaintiff, but that relief must be sought in a separate action. (Citing *Savings Bank of St. Helena v. Middlekauff,* 113 Cal. 463, as conclusive of the question.) We do not think this case at all conclusive of the question, nor does the governing principle of that case apply. Defendant had mortgaged real property to plaintiff to secure a debt. He also transferred to plaintiff a fire insurance policy upon the buildings situated on the mortgaged premises as additional security for the debt. The buildings burned. Plaintiff thereafter brought suit to foreclose its mortgage, and defendant answered that he had made due proofs of loss on the policy and had requested plaintiff to collect the insurance money and apply it to

the mortgage debt, which plaintiff refused to do.  But defendant did not allege that the policy had become lost to him.  These facts were set up by way of answer and cross-complaint.  Held here that the trial court properly refused to allow the answer to be filed.  The reasons given for the decision do not apply to such a case as we have here.  That a pledgee may become liable through his gross negligence or by his tortious dealings with the pledge where the pledgor is injured thereby; and that the pledgee of negotiable paper as collateral security is bound to use ordinary diligence in preserving the legal validity of the pledge, and is answerable for a loss through a corresponding degree of negligence to the extent of such loss, are propositions well established.  (Colebrook on Collateral Securities, sec. 114, and notes; *Lamberton* v. *Windom*, 12 Minn. 232; 90 Am. Dec. 301.)  The authorities are quite fully presented in this case.  (*Jennison v. Parker*, 7 Mich. 355; *Griggs v. Day*, 136 N. Y. 152.  See extended note, 32 Am. St. Rep. 718; Civ. Code, sec. 1714.)

It has been held also that where, by the negligence of the pledgee, the collection of collateral securities has been lost by operation of the statute of limitations, and such statutory defense has become perfect, the pledgor may, by a counterclaim, recover the value of his collateral, even though it be not known that his debtor will, when sued on such collateral, plead the statute in defense.  (*First Nat. Bank v. O'Connell*, 84 Iowa, 377; 35 Am. St. Rep. 313; *McQueen's Appeal*, 104 Pa. St. 596; 49 Am. Rep. 592; *Miller v. Gettysburg Bank*, 8 Watts, 192; note 34 Am. Dec. 451.)  The question is fully considered in the foregoing cases and illustrated in the notes where reported in the American Decisions and Reports.  We think it was error to sustain the demurrer to the answer.

The judgment should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          McFarland, J., Temple, J., Henshaw, J.