[S. F. No. 994. Department Two.—September 6, 1899.]

ALICE STEPHENSON, a Minor, by JOHN T. CHAMBERS, Guardian, etc., Appellant, v. J. C. DEUEL et al., Respondents.

PLEADING—DEMURRER—AMBIGUITY AND UNCERTAINTY—REVIEW UPON APPEAL.—Where the pleadings are verified, and there is a trial upon the merits, the appellate court will not reverse the judgment because of the overruling of a demurrer to a pleading for ambiguity and uncertainty, if it does not clearly appear that the demurring party was prejudiced thereby.

SHERIFF'S SALE FOR ALIMONY—ACTION TO SET ASIDE PROCEEDINGS—CLOUD UPON TITLE—CROSS-COMPLAINT TO QUIET TITLE—JOINDER OF CAUSES.—In an action against the purchaser of the husband's title at a sheriff's sale under execution for temporary alimony, and against the wife, to set aside as void the proceedings to enforce the alimony, and to remove the title claimed by the purchaser as an alleged cloud upon plaintiff's title, the purchaser, having been placed in possession under the sheriff's deed, may maintain a cross-complaint to quiet his title as against a void and fraudulent deed to the plaintiff from the husband's grantor; and such cross-complaint is not demurrable for misjoinder of causes, in improperly uniting the cause of action stated therein with that stated in the complaint.

ID.—TITLE OF HUSBAND—DELIVERY OF UNRECORDED DEED TO AGENT—VOID RECORDED DEED TO PLAINTIFF—FRAUD OF HUSBAND.—The delivery of an unrecorded deed to an agent of the husband for him as grantee, passed title to him, and left no title remaining in the grantor; and a subsequent deed, executed at the husband's request, from the same grantor to the daughter of the husband, the plaintiff in the action, without consideration, and which was executed and recorded for the purpose of preventing the property from being reached by the wife for alimony in the, divorce suit, or by other creditors of the husband, was void, and passed no title to the plaintiff, irrespective of the question of fraud.

ID.—VALIDITY OF SALE FOR ALIMONY—SERVICE OF ORDER FOR COUNSEL FEES—COLLATERAL ATTACK.—The validity of the sheriff's sale and deed of the husband's property under an execution for temporary alimony, including counsel fees, cannot be collaterally attacked by a plaintiff who is found to have had no title, on the ground that the order for counsel fees was served upon the attorney for the husband and not upon the husband personally. It is immaterial to the plaintiff whether the order was properly served or not.

ID.—EVIDENCE—ISSUE OF FRAUD—FRAUDULENT INTENT OF HUSBAND.
—Where the issue as to the fraudulent purpose of the convey-
ance made to the plaintiff at request of the husband, was raised
by the pleadings, evidence as to the fraudulent intent of the
husband is material upon that issue.

APPEAL from a judgment of the Superior Court of Fresno
County and from an order denying a new trial. Stanton L. Car-
ter, Judge.

The complaint alleged title in plaintiff, and set forth facts
leading to the allegation that the title of plaintiff was clouded
and menaced by the sheriff's deed to the defendant Deuel, and
prayed that the judgment under which the sale was made be
declared void, that the sheriff's deed be canceled and declared
void, and that the writ of assistance and all acts done thereunder
be declared void. The demurrer to the defendant's cross-com-
plaint for misjoinder of causes of acts is specified as follows:
"That several causes of action have been improperly united in
this: This action is to set aside a judgment, and the cross-com-
plaint is an action to quiet title." Further facts are stated in the
opinion.

Wiley J. Tinnin, for Appellant.

The order of April 18, 1892, as to counsel fees, was an order
constituting a basis for contempt, and was void, not having been
served on the defendant personally. (Code Civ. Proc., secs.
1015, 1016; *Johnson v. Superior Court,* 63 Cal. 578; *Galland v.
Galland,* 44 Cal. 475; 13 Am. Rep. 167; *Powers v. Braly,* 75 Cal.
237; *Ex parte Rush,* 60 Cal. 5; *Ex parte Henshaw,* 73 Cal. 486;
*In re Wilson,* 75 Cal. 580.) There was no judgment upon which
execution could issue. (Code Civ. Proc., sec. 577.) The order
for payment of counsel fees was not final either as to time or ser-
vice. (*Broder v. Conklin,* 98 Cal. 360; *Hibberd v. Smith,* 67 Cal.
565; 56 Am. Rep. 726; *Quirk v. Falk,* 47 Cal. 453.) The first
deed was not delivered to Stephenson, nor accepted by him, and
did not transfer the property. (*Hibberd v. Smith, supra;* Civ.
Code, sec. 1050; *Bank of Healdsburg v. Bailhache,* 65 Cal. 327.)
The second deed was executed prior to the commencement of
the divorce suit, and there was no proof of Stephenson's insol-
vency, or indebtedness, at that time. (*Windhaus v. Bootz,* 92
Cal. 617; *Bull v. Bray,* 89 Cal. 295.)

Frank H. Short, and John C. Deuel, for Respondents.

The court had jurisdiction of the order complained of (*Eichhoff v. Eichhoff*, 107 Cal. 42; 48 Am. St. Rep. 110; *Estate of Eichhoff*, 101 Cal. 600), and had power to enforce it by execution. (Civ. Code, sec. 137; *Van Cleve v. Bucher*, 79 Cal. 600.) The court had power to order payment of the entire amount, including counsel fees, within two days after notice, in modification of its previous order. (*Rose v. Rose*, 109 Cal. 544; *Storke v. Storke*, 99 Cal. 621; *Bohnert v. Bohnert*, 91 Cal. 428.) The execution for alimony was properly allowed. (Civ. Code, sec. 137; *Van Cleve v. Bucher*, 79 Cal. 602, 603.) The execution cannot be collaterally attacked, on the ground that it included too much. (*Hunt v. Loucks*, 38 Cal. 372; 99 Am. Dec. 404; *Newmark v. Chapman*, 53 Cal. 559.) This is a collateral attack upon the judgment, execution and writ of assistance, which is not permissible. (*People v. Mullan*, 65 Cal. 396; *Reinhart v. Lugo*, 86 Cal. 395; 21 Am. St. Rep. 52; *Lyons v. Roach*, 84 Cal. 27; *Hunt v. Loucks*, 38 Cal. 372; 99 Am. Dec. 404; *Van Cleave v. Bucher, supra*; *Franklin v. Merida*, 50 Cal. 289; *Hibberd v. Smith*, 50 Cal. 511; *Newmark v. Chapman, supra; Boles v. Johnston*, 23 Cal. 226; 83 Am. Dec. 111; *Dorland v. Smith*, 93 Cal. 120; *Kelsey v. Dunlap*, 7 Cal. 160.) The statements of Stephenson as to the purpose of the deed to Alice were admissible in evidence to show his fraudulent intent. (*Silva v. Serpa*, 86 Cal. 243; *Ross v. Brusie*, 64 Cal. 245; *Ord v. Ord*, 99 Cal. 523; *Byrne v. Reed*, 75 Cal. 277; *Redfield v. Buck*, 35 Conn. 328; 95 Am. Dec. 247, and cases cited in the note 245, 246.) The delivery to McKenzie vested title in Stephenson unconditionally, taking the testimony of McKenzie and Dyas as true, which is sufficient to support the finding of delivery, as matter of fact. (*Hastings v. Vaughn*, 5 Cal. 315; *Hibberd v. Smith*, 67 Cal. 547-56; 56 Am. Rep. 726; *Denis v. Velati*, 96 Cal. 223; *Dimmick v. Dimmick*, 95 Cal. 323; *Mowry v. Heney*, 86 Cal. 471, 475-77; *Ward v. Dougherty*, 75 Cal. 240; 7 Am. St. Rep. 151; *Bury v. Young*, 98 Cal. 446, 452.) The date of delivery of the deed to the plaintiff was properly shown to have been subsequent to its date. (*Treadwell v. Reynolds*, 47 Cal. 171.) The cross-complaint was properly filed as affecting the property to which the action relates. (Code Civ. Proc., sec. 442; *Hills v. Sherwood*, 48 Cal. 386; *Winter v. McMillan*, 87 Cal. 256, 265,

266; 22 Am. St. Rep. 243; *Colton etc. Co. v. Raynor*, 57 Cal. 588-94; *Waugenheim v. Graham*, 39 Cal. 169; *Taylor v. McLain*, 64 Cal. 513; *Snow v. Holmes*, 71 Cal. 142-49; *Van Bibber v. Hilton*, 84 Cal. 585, 587, 588; *Nunez v. Morgan*, 77 Cal. 427-29.) The sheriff's deed was as much the deed of Stephenson as though he had made it himself. (*Blood v. Light*, 38 Cal. 653; 99 Am. Dec. 441; *Clark v. Sawyer*, 48 Cal. 133; *Montgomery v. Robinson*, 49 Cal. 258; *Bullard v. McArdle*, 98 Cal. 356; 35 Am. St. Rep. 176.)

CHIPMAN, C.—Berdenia F. Stephenson brought an action for divorce against William M. Stephenson on February 13, 1892, in the superior court of Fresno county. On that day the court made an order requiring defendant to pay a counsel fee of one hundred and fifty dollars, and on April 18th the court made another order reciting the former order and defendant's refusal to obey it, and ordering the fee to be increased to three hundred dollars, and that it, together with certain alimony previously ordered, be paid within two days after notice of the making of the order, and that in case of default execution issue to enforce payment. A copy of this last order was served on defendant's attorney April 19th. On May 20th an execution was issued for the unpaid balance, which was levied upon the right, title, and interest of William M. Stephenson (defendant in the divorce suit) in and to certain lots situated in the city of Fresno, the lots in controversy, and the same were sold by the sheriff to defendant Deuel on July 14, 1892, and a certificate of purchase issued to him, and on January 17, 1893, a deed was made to him by the sheriff and a writ of assistance was issued January 23, 1893, under which said William M. Stephenson, then in possession, was removed from the land and Deuel put in possession thereof, which he still holds.

Plaintiff claims title to the land under deed from one Dyas and wife, dated February 1, 1892. It is in support of this title that plaintiff now seeks to have the proceedings set aside as void under which Deuel claims.

Defendant Deuel in his answer avers that Dyas conveyed the lots to William M. Stephenson prior to the alleged conveyance to plaintiff by Dyas, and that Stephenson became and at the

time of the levy was the owner of the lots, but that the deed was not recorded, though delivered and the consideration paid; and that pending the divorce proceedings between Berdenia and William the latter caused Dyas to convey the lots to William's minor child (plaintiff) with the fraudulent purpose of preventing his wife Berdenia from getting the same, and to prevent the collection of the money ordered to be paid as alimony and counsel fees, and in fraud of his creditors generally. By cross-complaint defendant Deuel asked to have his title quieted. The court gave judgment for defendant, from which and from the order denying a new trial plaintiff appeals.

1. The ruling upon demurrer to defendants' amended answer on the ground of uncertainty and ambiguity cannot now avail plaintiff. The pleadings are verified, and defendants' answer is deemed controverted. Where there is an answer and trial on the merits, the court will not reverse the judgment for ambiguity and uncertainty, unless it clearly appears that demurrant was prejudiced by the alleged infirmity in the pleading. It does not so appear here.

2. The demurrer to defendants' cross-complaint on the ground that several causes of action were improperly united was rightly overruled. Defendant could have the relief asked in this action by way of cross-complaint. (Code Civ. Proc., sec. 442.)

3. Several of the findings are attacked for insufficiency of the evidence to justify them.

Finding 3 is to the effect that plaintiff did not become the owner of the property in question by the deed of J. C. Dyas and wife, dated February 1, 1892, or otherwise. The evidence tends to show that prior to the delivery of this deed Dyas sold and conveyed the lots to W. M. Stephenson by deed, which was delivered for him to his agent, one McKenzie, who testified that it was still in his office. Another witness testified that she heard Stephenson in the latter part of January, 1892, say that he had bought the property in controversy. There is evidence tending to show that he was occupying the premises when Deuel caused the execution to be levied. The deed under which plaintiff claims bears date February 1st, but there is evidence from which the inference may be drawn that it was first executed and

acknowledged by Mrs. Dyas at Santa Cruz on March 29, 1892, and that it was afterward sent to McKenzie at Fresno, and then executed and acknowledged by Mr. Dyas before McKenzie on March 31, 1892. The acknowledgments are dated respectively March 29 and March 31, 1892. Plaintiff claims and there is some evidence tending to show that Stephenson instructed McKenzie to prepare a deed from Dyas and wife to plaintiff, after the deed was executed conveying the property to him, as he said the former deed was a mistake and he wanted the lots to go to his child (plaintiff), and that McKenzie did, by Stephenson's direction, prepare the deed which bears date February 1st. This first deed, however, had been delivered to McKenzie for Stephenson and as his agent. The deed to plaintiff was recorded April 2, 1892, by McKenzie at the direction of W. M. Stephenson and his son, John M. Stephenson, and the latter testified that he paid Dyas for the lots from his own money. There is evidence that the money came from a sale of property by W. M. Stephenson, the proceeds of which he gave his children, and that Dyas got two thousand six hundred dollars, the consideration for the lots, out of a portion of the money paid on account of this sale. This money was handled by McKenzie, and he testified that when he paid Dyas he charged the money to the account of John M. Stephenson. There is some evidence tending to show that W. M. Stephenson caused the deed to be made to his daughter because of the divorce proceedings, and because he wanted to prevent his wife from getting any of his property. We think, however, aside from the question of fraud raised by the answer, that the execution of the deed by Dyas and its delivery by Dyas to McKenzie for Stephenson divested Dyas of the title and vested the title in Stephenson. When Dyas undertook to convey the property to plaintiff he had nothing to convey. No question of purchase by plaintiff for a valuable consideration without notice is presented. It appears that plaintiff paid no consideration, and it does not appear that she knew that the property was conveyed to her at the time Dyas made the deed under which she claims.

Finding 5 is that the order of April 18, 1892, as to counsel fees, was served on the counsel of Stephenson, defendant in the divorce action, and that both counsel and Stephenson had knowl-

edge of the making and entry of the order. The order, in fact, was served upon Stephenson's attorney, but not on Stephenson. Counsel for appellant contends that the order should have been served upon Stephenson personally. (Citing Code Civ. Proc., secs. 1015, 1016, and numerous cases.) Whether the service was sufficient or not, appellant is in no position to complain. The court found, as we have seen, upon sufficient evidence, that plaintiff had no title to or interest in the lots. This is a collateral attack upon the proceedings under which Deuel claims title. Unless plaintiff had some interest in the property, it is immaterial whether the order above referred to was properly served. This view of the matter disposes of appellant's objection to findings 6 to 13, inclusive. Finding 14 is that Dyas and wife, about February 1, 1892, executed their deed conveying the property to W. M. Stephenson, which deed was delivered to W. H. McKenzie and accepted by him as the agent of and for Stephenson; that this deed was retained by McKenzie but not recorded, and that thereafter, on or about March 25, 1892, and before the purchase price had been paid by Stephenson to Dyas, said Stephenson, "with the purpose and intention and designing to cheat, hinder, and delay and defraud defendant Berdenia F. Stephenson, who was then his wife, and to prevent said real property from being subject to the order and process of the court, and the payment of the expenses, counsel fees, and alimony, which had been then, or which he anticipated or expected would be, awarded against him" in the divorce action then pending, et cetera, did procure said deed to be made from Dyas and wife to plaintiff, then a minor and daughter of said W. M. Stephenson, and to be delivered to said McKenzie, and thereupon said W. M. Stephenson caused McKenzie to pay Dyas two thousand six hundred dollars, the purchase price of said real property, and that said last-named deed was procured to be made "for the purpose of hindering, delaying, and defrauding the said Berdenia, and not otherwise; that about February 13, 1892, she commenced her said action for divorce, and said action was pending thereafter at all times until January 10, 1893, upon which last date W. M. Stephenson died." Other subdivisions of this finding relate to matters concerning the proceedings in the action for divorce under which defendant Deuel claims title.

There was evidence tending to show that about the time the divorce was commenced, both before and after, Stephenson declared that his wife should have none of his property, and that to prevent her from getting any of it he would "put the property out of his hands." A witness testified that Stephenson told witness he had bought the lots in controversy for two thousand seven hundred dollars, and after that, "when Mrs. Stephenson commenced suit against him, he said she would not get a dollar of his property; that he would put the property out of his hands; that he would give it to Alice; that he would deed it to Alice, his daughter." There was much other testimony to like effect. There was also evidence introduced by plaintiff tending to contradict the evidence of defendant, but at most it left the evidence as to the transfer to plaintiff in conflict, as also the evidence as to the delivery of the deed to Stephenson. It cannot be said there was not sufficient evidence to sustain this finding. And if this were not so we cannot see that plaintiff was injured by the finding, since Dyas had no title to convey when he made the deed to plaintiff through which alone plaintiff claims.

4. There are numerous assignments of error in admitting evidence over plaintiff's objection tending to show that the conveyance to plaintiff was fraudulent. Counsel for plaintiff has not stated why he objected to the evidence as immaterial, but I infer that the objection rests upon the theory that evidence as to Stephenson's alleged fraudulent intent was outside the issues. The issue of fraud was presented by the pleadings, and the evidence was material upon that issue.

5. It is contended that the decision is not justified by the evidence, unless it be held that Deuel's title was good, and that before it can be held good the court must hold the service of notice of the order under which Deuel claims to have been properly made upon the attorney of Stephenson in the divorce case. When this action was commenced Deuel was in possession under the deed of the sheriff. This was sufficient to have his title quieted as against the deed of Dyas to plaintiff, which the court found, upon sufficient evidence, conveyed no title and was void. (*Pierce v. Felter*, 53 Cal. 18; *McKinnie v. Shaffer*, 74 Cal. 614; *Pennie v. Hildreth*, 81 Cal. 127.)

There are some assignments of error, but. they appear to depend in one way and another upon matters already noticed, and do not require special consideration.

Discovering no reversible error, I advise that the judgment and order be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.