[No. 36.  Third Appellate District.—July 25, 1905.]

## A. B. BUTLER, Appellant, v. RICHARD DELAFIELD et al., Copartners, etc., Respondents.

ACTION FOR BREACH OF CONTRACT—VERIFIED PLEADINGS—INCONSISTENT DEFENSES.—In an action for breach of contract, although the pleadings are verified, it is permissible for the defendant in his answer to deny the making of the contract alleged, and in separate defenses to admit its execution.

ID.—COMPLAINT AGAINST FIRM—USE OF WORD "DEFENDANTS"—DESCRIPTION IN ANSWER NOT AMBIGUOUS.—Where the complaint is against copartners doing business under a firm name and alleges that defendants were such copartners, and thereafter refers to them as "defendants," an answer describing them as "defendants" is not ambiguous, but must be understood to refer to their alleged relation to each other as copartners.

ID.—DEMURRER FOR AMBIGUITY AND UNCERTAINTY—REVIEW UPON APPEAL.—The improper overruling of a demurrer for ambiguity and uncertainty will not work a reversal of the judgment where it appears that the matters complained of by it have not affected any substantial right of the demurrant. An appealing plaintiff is not prejudiced by the overruling of such a demurrer to uncertain denials in the answer, where he could not be misled by the denials and offered no evidence to support his complaint or to controvert evidence in support of separate defenses in the answer as to which there was no ambiguity.

ID.—SUFFICIENCY OF FINDINGS—FORMER JUDGMENT—PLEA IN BAR—COUNTERCLAIM—SUPPORT OF JUDGMENT.—Where plaintiff offered no proof of the allegations of his complaint, it was the duty of the court to find against him; and it was not necessary to find upon the plea of a former judgment in bar of the action. Findings in favor of the same judgment pleaded as a counterclaim are sufficient to support a judgment rendered for the amount thereof against the plaintiff.

ID.—JUDGMENT UPON PARTNERSHIP CLAIM—SUPPORT OF FINDING.—A former judgment rendered in an action in another state at suit of all the defendants jointly against the plaintiff, in which the cause of action sued upon here was adjudicated, and a judgment

rendered for the defendants upon what is shown to be a partner-
ship cause of action, is sufficient to support a finding that the
judgment was in favor of the firm.

ID.—NON-PAYMENT OF JUDGMENT—PRESUMPTION—BURDEN OF PROOF—
HARMLESS ERROR IN EVIDENCE.—The non-payment of the judgment
pleaded as a counterclaim is presumed, and the burden of proof
of payment was upon the plaintiff. The deposition of a defendant
containing inadmissible evidence of non-payment was harmless,
where there was no evidence of payment.

APPEAL from a judgment of the Superior Court of
Fresno County and from an order denying a new trial. H.
Z. Austin, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Appellant.

The findings are conflicting and uncertain and do not sup-
port the judgment. (*Kerns* v. *McKean,* 65 Cal. 411, 4 Pac.
404; *Randall* v. *Hunter,* 66 Cal. 512, 6 Pac. 331; *Gilman*
v. *Curtis,* 66 Cal. 116, 4 Pac. 1094; *Sloss* v. *Allman,* 64 Cal.
47, 30 Pac. 574; *Richards* v. *Dower,* 64 Cal. 62, 28 Pac.
113; *Carman* v. *Ross,* 64 Cal. 249, 29 Pac. 510; *Reese* v.
*Corcoran,* 52 Cal. 495; *Dorsey* v. *Newcomer,* 121 Cal. 213,
53 Pac. 557; *Krug* v. *Lux etc. Brewing Co.,* 129 Cal. 322,
61 Pac. 1125.) The onus of proving non-payment is upon
the party alleging it. (*Frisch* v. *Caler,* 21 Cal. 71; *Davanay*
v. *Eggenhoff,* 43 Cal. 395; *Wetmore* v. *San Francisco,* 44 Cal.
300; *Farmers' etc. Bank* v. *Christensen,* 51 Cal. 572.)

Carter P. Pomeroy, and M. K. Harris, for Respondents.

It is the duty of the court to construe the findings to avoid
inconsistency. (*Murray* v. *Tulare I. Co.,* 120 Cal. 311, 49
Pac. 563, 52 Pac. 586; *Spaulding* v. *Dow,* 118 Cal. 424, 50
Pac. 543; *Loustalot* v. *Calkins,* 120 Cal. 688, 53 Pac. 258;
*Scribner* v. *Hanke,* 116 Cal. 613, 48 Pac. 714; *Schultz* v.
*McLean,* 93 Cal. 329, 28 Pac. 1053.) The judgment being
supported by the findings, and there being a failure of proof
of the cause of action, the failure to find upon the plea in
bar is not ground for reversal, and plaintiff cannot complain
thereof. (*Adams* v. *Helbing,* 107 Cal. 298, 40 Pac. 422;
*Hihn Co.* v. *Fleckner,* 106 Cal. 95, 39 Pac. 214; *Giletti* v.

*Saracco,* 110 Cal. 428, 42 Pac. 918; *Estate of Conners,* 110 Cal. 408, 42 Pac. 906; *Costa* v. *Silva,* 127 Cal. 354, 59 Pac. 695; *Buell* v. *Brown,* 131 Cal. 158, 63 Pac. 167; *Woodham* v. *Cline,* 130 Cal. 497, 62 Pac. 822.) The burden of proof to establish payment of the judgment pleaded in the cause was upon the plaintiff. (1 Jones on Evidence, secs. 52, 53, 176; *Melone* v. *Ruffino,* 129 Cal. 514, 29 Am. St. Rep. 127, 62 Pac. 93; *Stuart* v. *Lord,* 138 Cal. 672, 72 Pac. 142.)

CHIPMAN, P. J.—Appeal from a judgment of the superior court of Fresno County in favor of defendants and from an order denying plaintiff's motion for a new trial. The complaint demands damages for the breach of a contract to take thirty carloads of dried prunes and advance thereon seventy-five per cent of their market value, and to sell the same for a commission of two and one half per cent, and account for the proceeds received from the sale of the prunes, less advances, expenses, and commissions. It is alleged that plaintiff shipped the thirty carloads of dried prunes to defendants, and that defendants received and made the agreed advances on fifteen carloads, but refused to receive or sell or make advances on the remaining fifteen carloads, but left them uncared for, whereby they deteriorated in value, and plaintiff was compelled to employ other persons to sell the same, to his damage in the sum of fifty-five hundred dollars.

In their supplemental and amended answer defendants deny making any agreement "that they would take and receive, or take or receive, thirty carloads of dried prunes on commission, or advance to the plaintiff seventy-five per cent of the market value thereof, or care for or sell said prunes at the best or any market prices obtainable therefor, . . . less any actual expenses, . . . and the advances made to plaintiff on account thereof, and a commission of two and one half (2½) per cent of the amount received therefor, and denies that said two and one half per cent was to be retained by said defendants as full or any compensation for the services of said defendants in caring for and selling said prunes"; deny that plaintiff shipped to defendants "the thirty carloads of dried prunes in accordance with the contract set forth in said complaint," and that "as to the other fifteen carloads of said prunes" deny that defendants refused

I Cal. App.—24

to honor or accept or pay plaintiff's drafts for advances of "seventy-five per cent of the market value thereof," or that defendants refused "to receive or take, or accept or care for or sell the same, or permitted or allowed said fifteen carloads of prunes" to remain uncared for until they were damaged, or that plaintiff suffered damage thereby.

For a second defense, and in bar of the action, the answer alleges that defendants sued plaintiff in New York for $1,351.31, being the balance alleged to be due them for moneys advanced and paid for services performed by them for plaintiff, "under and in pursuance of the contract set forth in the complaint in this action," and that in the New York action plaintiff set up as a counterclaim "the same cause of action" against the defendants herein "as is alleged against them in the complaint in the present action," and that judgment was rendered in the New York action in favor of defendants herein (plaintiffs therein) and that said judgment has become final.

For a "third defense" the answer sets up as a counterclaim the judgment in the New York action and alleges that "no part thereof has been paid." The pleadings are verified. The present plaintiff demurred generally to the answer, and to certain portions thereof he demurred on the further grounds of ambiguity and uncertainty. The demurrer was overruled, and the cause was tried by the court without a jury. Plaintiff offered no evidence in support of his complaint, whereupon defendants introduced in evidence an authenticated copy of the judgment-roll and the judgment rendered in their favor in the New York action and the deposition of the defendant McGovern as to the non-payment of the New York judgment. The court gave judgment in favor of the present defendants for the amount of the New York judgment set up in the counterclaim. To the New York judgment, or to its validity, no objection was made when introduced and no attack is made upon it in plaintiff's brief. Objection to McGovern's deposition was made, as will be hereafter noticed.

In its findings the court found the true name of John Doe Carey to be Frederick F., and that defendants "are and at all and singular the times mentioned in the pleadings herein have been copartners, doing business under the firm name

and style of Delafield, McGovern & Company,'' as alleged
in the complaint and the answer; that ''all and singular the
allegations contained in paragraphs II and III of the plain-
tiff's complaint are and each of them is untrue''; ''that all
and singular the allegations contained in paragraphs IV, V,
VI, VII, VIII, and IX of the defendants' supplemental and
amended answer are and each of them is true.''    As conclu-
sions of law the court found that defendants were entitled to
judgment for the sum of $2,160.40 and costs and that judg-
ment be entered accordingly.

1. It is claimed that the demurrer should have been sus-
tained because the answer was ambiguous and uncertain, as
it did not deny all of the specific averments of the verified
complaint, but was only a denial of their literal truth.   In
some particulars this is true, but in others the denials were
sufficiently specific.   It was permissible to deny the making
of the contract as alleged and in the separate defenses admit
its execution, for inconsistent defenses may be made even
where the pleadings are verified.   (*Banta* v. *Siller,* 121 Cal.
414, [53 Pac. 935].)   There is no ambiguity in respect of the
parties defendant.   The complaint, in its caption, designates
them by their individual names, describing them also as co-
partners under the firm name given, and the complaint con-
tains an allegation that these individuals were copartners,
but thereafter refers to them as defendants.   The answer
pursues the same course.   The word ''defendants'' must be
understood to refer to their alleged relation to each other.
*Hawley Bros. Hardware Co.* v. *Brownstone,* 123 Cal. 643,
[56 Pac. 468], cited by appellant, does not sustain their
contention.   In that case it was held that where several de-
fendants are sued by their individual names, and described
as partners, they may be referred to as defendants.   But the
court held that in such case an allegation that ''the de-
fendant'' had not paid certain notes sued on, was an insuf-
ficient allegation of non-payment as to all the defendants.
Demurrers for uncertainty and ambiguity, when improperly
overruled, do not always work a reversal of the judgment,
and will not do so when it appears that the matters com-
plained of by demurrer have not affected any substantial
right of the demurrant.   (*Gassen* v. *Bower,* 72 Cal. 555, [14
Pac. 206] ; *Alexander* v. *Central L. and M. Co.,* 104 Cal. 532,

[38 Pac. 410]; *Hawley Bros. Hardware Co.* v. *Brownstone,*
123 Cal. 643, [56 Pac. 468]; *Stephenson* v. *Deuel,* 125 Cal.
656, [58 Pac. 258]; *Williams* v. *Casebeer,* 126 Cal. 77, [58
Pac. 380].) In *Stephenson* v. *Deuel* the court said: ''The
ruling upon demurrer to defendant's amended answer on the
ground of uncertainty and ambiguity cannot now avail plain-
tiff. The pleadings are verified and defendant's answer is
deemed controverted. Where there is an answer and trial
on the merits, the court will not reverse the judgment for am-
biguity and uncertainty, unless it clearly appears that demur-
rant was prejudiced by the alleged infirmity in the pleading.''
In the present case plaintiff could not have been misled by
the denials in the answer, and as to the affirmative defenses
pleaded, which were independent of and separate from, and
might well be inconsistent with, the denials of plaintiff's
complaint, the allegations were free from ambiguity or un-
certainty. Plaintiff made no attempt by evidence either to
support his complaint or to controvert the evidence in sup-
port of the separate defenses. Conceding more or less am-
biguity in the denials of the answer, it is quite clear that
plaintiff was not prejudiced by the overruling of his de-
murrer.

2. It is also contended that the findings are conflicting and
uncertain. This contention arises from the fact that the
court found certain paragraphs of the complaint to be un-
true and certain paragraphs of the separate defenses set
forth in the answer to be true. Remembering that the plain-
tiff offered no evidence in support of his complaint, it was
the duty of the court to find against him. The second de-
fense was interposed as a bar to plaintiff's action, and no
finding was necessary thereon after plaintiff's failure to offer
any proof of his allegations. Coming to the findings on the
counterclaim arising out of the New York judgment, there
is no claim of any conflict. Conceding certain conflict, as
claimed by plaintiff, in respect of other findings, the findings
sustain the judgment as rendered, for it rests on the counter-
claim. Looking to the findings in their entirety, as we may
do to support the judgment, we think them sufficient.

3. It is also contended that the findings are contrary to
and not sustained by the evidence because the court found
that the firm of Delafield, McGovern & Co. was given judg-

ment upon the New York judgment, while the judgment offered in evidence was in an action wherein the individual members of the firm were plaintiffs. The evidence shows that the cause of action sued upon in New York accrued in the partnership capacity of the then plaintiffs; they, as defendants in the present action, are sued in like capacity and judgment is likewise given. There is no mistaking the fact that the defendants here and the plaintiffs in New York were the same.

4. Proof of non-payment of the judgment, after the judgment had been duly proved, was not necessary; the burden of proof of payment was then upon plaintiff. (1 Jones on Evidence, secs. 52, 53, 176; *Melone* v. *Ruffino,* 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93]; *Stuart* v. *Lord,* 138 Cal. 672, [72 Pac. 142].) The deposition of defendant McGovern was taken at Seattle, and was admitted and read over the objection of plaintiff. His evidence was taken for the single purpose of proving non-payment of the New York judgment. He testified that up to the time he left New York, in August, 1902, (long after the present action was brought,) the judgment pleaded had not been paid. His testimony was competent as far as it went, but, of course, was insufficient to show non-payment at any subsequent date. His statements that the judgment had not been paid since he left New York were hearsay and inadmissible. But non-payment, we have seen, was presumed, and no evidence was offered to rebut that presumption. The error in admitting McGovern's deposition, if error, was harmless.

The judgment and order are affirmed.

McLaughlin, J., and Buckles, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 22, 1905.