[15041. Department One.—July 12, 1893.]

# K. S. MALLORY, RESPONDENT, v. J. H. THOMAS, APPELLANT.

PLEADING—DEMURRER FOR UNCERTAINTY—APPEAL—REVERSAL OF JUDGMENT.— Where a demurrer to a complaint upon the ground of uncertainty, setting forth the particulars thereof, is improperly overruled, and judgment is thereafter rendered, upon trial of the cause, in favor of the plaintiff, the judgment entered upon the uncertain complaint must be reversed.

ID.—ACTION FOR DESTRUCTION OF PROPERTY—UNCERTAINTY AS TO DAMAGES— VALUE OF PROPERTY—ITEMS OF DAMAGE.—A complaint in an action to recover damages for trespass and destruction of property, which alleges that defendant entered upon plaintiff's premises and tore down parts of a building thereon, and caused great damage to plaintiff's goods and business, and rendered the premises unfit for plaintiff's business, and thereby broke up and destroyed said business, and that the same was done in a threatening and terrorizing manner, so that plaintiff suffered great mental and physical distress, and that she was damaged thereby in the sum of five thousand dollars, is demurrable for uncertainty on the ground that it does not specifically allege the value of the property destroyed, nor the amount of damage done to the premises, nor the amount of damage done to plaintiff's business, each of which should have been alleged.

ID.—SPECIAL DAMAGES.— Where special damages have been sustained from the destruction of property, which do not all flow from the same facts, or constitute the natural consequence of the act constituting the right of recovery, but depend upon the proof of different circumstances, such special damages, as well as the circumstances justifying their recovery, should be alleged.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Fred L. Button,* for Appellant.

The demurrer should have been sustained as the value of the property alleged to have been destroyed was not stated. (Stephen's Pleading [Heard], ch. 2, secs. 3, 4, 24, 33, 37; Stephen's Pleading, pp. 296, 297.) The complaint was also defective because of its failure to state the amount of special damage. (*Kinney* v. *Osborne,* 14 Cal. 114; Hilliard on Remedies on Torts, 2d ed., p. 595; *Shaw* v. *Hoffman,* 21 Mich. 151; *Solms* v. *Lias,* 16 Abb. Pr. 311; *Barnard* v. *Berwind,* 7 N. Y. Week. Dig. 519; *Baggett* v. *Boulger,* 2 Duer, 100; *Molony* v. *Dows,* 15 How. Pr. 261; *McTavish* v. *Carroll,* 13 Md. 429; *Roberts* v. *Hyde,* 15 La. An. 51; Boone on Code Pleading, sec. 18; *Gray* v. *Bullard,* 22 Minn. 278; *Thompson* v. *Lumley,* 7 Daly, 74; *Squier* v. *Gould,* 14 Wend. 159; *Wampach* v. *St. Paul R. R. Co.,* 21 Minn. 364; *Potter* v. *Froment,* 47 Cal. 165; *Livingston* v. *Tanner,* 12 Barb. 481; *Parsons* v. *Sutton,* 66 N. Y. 92.) Damages which may properly be alleged should be pleaded with *fullness* and *accuracy.* (*Linden* v. *Graham,* 1 Duer, 670; *Hallock* v. *Miller,* 2 Barb. 630; *Havemeyer* v. *Fuller,* 60 How. Pr. 316; *Simmons* v. *Kayser,* 11 Jones & S. 131; *Geisler* v. *Brown,* 6 Neb. 254; *Whitmore* v. *Bowman,* 4 Iowa, 148; *Stiebeling* v. *Lockhaus,* 21 Hun, 457; Boone on Code Pleading, sec. 18.) A pleading must be construed most strongly against the pleader, when the plaintiff stands on the sufficiency of his pleading, as against a demurrer pointing out the particulars in which it is alleged to be insufficient. (*Glide* v. *Dwyer,* 83 Cal. 477; *Shain* v. *Belvin,* 79 Cal. 262; *Potter* v. *Fowzer,* 78 Cal. 493.) The defects having been presented by special demurrer, the action of the court in overruling such de-

murrer was error for which the judgment should be reversed. (*Schmidt* v. *Market St. R. R. Co.*, 90 Cal. 37.)

*J. P. McElroy*, and *J. H. Lucas*, for Respondent.

Respondent had a right to waive all special damage on account of her sickness, or otherwise, caused by appellant's acts, if she so desired. As to pleading facts in aggravation of damages, for a malicious and oppressive trespass under section 3294 of the Civil Code, the law is too well settled by this court to admit of argument. *Stare decisis* applies. (*Waters* v. *Dumas*, 75 Cal. 564; *Rozzo* v. *Varni*, 81 Cal. 290; *St. Ores* v. *McGlashen*, 74 Cal. 148.)

HARRISON, J.—The plaintiff brought this action to recover damages for an alleged trespass and destruction of certain property, and set forth in her complaint the trespass of the defendant in entering upon her premises, charging that the defendant "tore down the ceiling overhead, a partition wall, the plastering on the front of said building, and caused great damage to plaintiff's goods and business, and rendered said premises unfit for the uses and purposes of plaintiff's business, and thereby broke up and destroyed said business of 'plaintiff'"; and also alleging that the same was done in a threatening and terrorizing manner, so that she suffered great mental and physical distress, and that she was damaged thereby in the sum of five thousand dollars. The defendant demurred to the complaint upon the ground of its uncertainty, setting forth the particulars thereof. His demurrer was overruled, and upon the trial judgment was rendered in favor of the plaintiff, from which the defendant has appealed.

In many states uncertainty is not a ground of demurrer, the remedy being by motion to make the pleading more certain; but in this state the Code of Civil Procedure, section 437, permits a demurrer upon this ground, and if such demurrer is improperly overruled the reversal of a judgment entered upon the complaint must follow. (See *Reynolds* v. *Lincoln*, 71 Cal. 190; *Stark* v. *Wellman*, 96 Cal. 400.)

In an action for damages resulting from the destruction of property, the pleader should aver the value of the property

alleged to have been destroyed, as that is an essential element in determining the amount of his damage, and if in addition thereto he has sustained any special damages the amount of such special damages, as well as the circumstances justifying their recovery, should be alleged, the rule on this point being that only such damages as are the natural consequences of the act which constitutes his right of recovery can be recovered without special averment, and whenever the special damages which the plaintiff seeks to recover do not all flow from the same facts, but depend upon the proof of different circumstances, the grounds for each claim of special damage should be alleged.

In the present case the plaintiff should have alleged the value of the property destroyed, the amount of damage done to the premises occupied by her, and the damages sustained by the injury to her business. Each of these elements constituted a distinct portion of the plaintiff's claim, and was capable of exact statement, and the defendant had the right to be informed of the amount of the claim for each, so that he might be prepared with evidence at the trial to meet the claim. He might be willing to concede the amount claimed for each, and limit his defense to the claim for punitory damages. In *Grandona* v. *Lovdal*, 70 Cal. 161, the plaintiff alleged that the act of the defendant in allowing certain trees to grow near the boundary of his land, had caused him damage by lessening the value of the land, and by reason of their shade and the leaves falling therefrom upon his land, and it was held that the complaint was ambiguous and uncertain, because it did not state the amount of damage resulting from either the shade, the falling leaves, or the decrease in value of the land.

The demurrer to the complaint should have been sustained, and the judgment of the court below is reversed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.