[No. 15489.    Department One.—November 27, 1894.]

## JULIUS ALEXANDER, RESPONDENT, *v.* CENTRAL LUMBER AND MILL COMPANY, APPELLANT.

APPEAL—HARMLESS ERROR — PLEADING — AMBIGUITY — SURPLUSAGE. — A judgment which is right upon the merits will not be reversed for harmless error in overruling a demurrer to a complaint for ambiguity, where the defendant was not misled to his prejudice, and the apparent ambiguity largely consists of a statement of useless and surplus matter, and the cause of action is fairly apparent from the complaint.

NEGLIGENCE—MASTER AND SERVANT—INSUFFICIENT PLATFORM—QUESTION OF FACT.—Where the plaintiff was injured in the lumber-yard of the defendant, by a fall from a high platform, upon which he was engaged in removing lumber from a rack, occasioned by the shifting of the boards of the platform, by reason of the fact that they were not nailed,

the negligence of the defendant in the construction of the platform is a question of fact for the jury and not for the court.

ID.—SERVANT'S KNOWLEDGE OF DEFECT—DEFENSE—BURDEN OF PROOF.— The servant's knowledge of a defect in the platform and his means of knowledge are matters of defense, and the burden is upon the defendant to prove such defense.

ID.—QUESTION OF FACT.—The question as to whether the servant was aware of the defect in the appliance, and knew and appreciated the risks and damages resulting or likely to follow from such defect, is a question of fact for the jury.

ID.—DUTY OF MASTER—SAFETY OF PLATFORM.—It is the duty of the master to provide a platform suitable to the purposes for which it was intended, and to exercise reasonable care in its construction, and in the inspection and supervision of the appliance after its construction.

ID.—EXCLUSION OF EVIDENCE—HARMLESS ERROR.—The exclusion of evidence is harmless error where the witness subsequently testifies to all the matters involved in the question objected to.

ID.—DISCRETION OF TRIAL COURT.—Where a question put to the witness calls for a statement of fact which is near the border line of objectionableness, the trial court, in the exercise of its discretion in the conduct of the examination of witnesses, may properly sustain an objection thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. A. Powell*, and *W. A. Dow*, for Appellant.

The complaint is defective, as it fails to allege that the defendant knew, or ought to have known, at the time of the accident, of the defective appliances. (*Malone* v. *Hawley*, 46 Cal. 415; *Baxter* v. *Roberts*, 44 Cal. 187; 13 Am. Rep. 160; *Sappenfield* v. *Main St. etc. R. R. Co.*, 91 Cal. 48; *Finney* v. *Curtis*, 78 Cal. 498; 2 Thompson on Negligence, 1058; *Sherman* v. *Western Trans. Co.*, 62 Barb. 150; *Ryan* v. *Fowler*, 24 N. Y. 410; 82 Am. Dec. 315.) It appears from the evidence that the plaintiff had equal knowledge and means of knowledge with the defendant of the condition of the platform from which he fell, and he cannot therefore recover. (Wood's Master and Servant, sec. 414; *Malone* v. *Hawley*, 46 Cal. 414; *McGlynn* v. *Brodie*, 31 Cal. 377; *Kielley* v. *Belcher etc. Co.*, 3 Saw. 504; *Ballou* v. *Chicago etc. Ry. Co.*, 54 Wis. 259; 41 Am.

Rep. 31; *Sweeney* v. *Central Pacific R. R. Co.*, 57 Cal. 15; *Beeson* v. *Green Mountain etc. Min. Co.*, 57 Cal. 20; *Sowden* v. *Idaho etc. Min. Co.*, 55 Cal. 443; *Sanborn* v. *Madera Trading Co.*, 70 Cal. 261; *Fisk* v. *Central Pacific R. R. Co.*, 72 Cal. 38; 1 Am. St. Rep. 22; *De Forest* v. *Jewett*, 88 N. Y. 264; *Schwartz* v. *Cornell*, 13 N. Y. Supp. 355; *Haskin* v. *New York Cent. etc. R. R. Co.*, 65 Barb. 129; *Appel* v. *Buffalo etc. Ry. Co.*, 111 N. Y. 550; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Shaw* v. *Sheldon*, 103 N. Y. 667; *Marsh* v. *Chickering*, 101 N. Y. 396; *Burke* v. *Witherbee*, 98 N. Y. 562; *Powers* v. *New York etc. R. R. Co.*, 98 N. Y. 274; *Moulton* v. *Gage*, 138 Mass. 390; *Lovejoy* v. *Boston etc. R. R. Co.*, 125 Mass. 79; 28 Am. Rep. 206; *Ladd* v. *New Bedford R. R. Co.*, 119 Mass. 412; 20 Am. Rep. 331; *Pingree* v. *Leyland*, 135 Mass. 398; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572; 3 Am. Rep. 506; *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 560; *Green etc. Ry. Co.* v. *Bresmer*, 97 Pa. St. 105; *Mansfield Coal etc. Co.* v. *McEnery*, 91 Pa. St. 194; 36 Am. Rep. 662; *Porter* v. *Hannibal etc. R. R. Co.*, 71 Mo. 66; 36 Am. Rep. 454; *Hulett* v. *St. Louis etc. Ry. Co.*, 67 Mo. 239; *Texas etc. Ry. Co.* v. *Bradford*, 66 Tex. 732; 59 Am. Rep. 639; *Schultz* v. *Chicago etc. R. R. Co.*, 67 Wis. 623; 58 Am. Rep. 881; *Kellogg* v. *Chicago etc. R. R. Co.*, 26 Wis. 223; 7 Am. Rep. 69; *Strahlendorf* v. *Rosenthal*, 30 Wis. 678; *Atchison etc. R. R. Co.* v. *Wagner*, 33 Kan. 660; *Kelly* v. *Detroit Bridge Works*, 17 Kan. 558; *Missouri Pac. Ry. Co.* v. *Haley*, 25 Kan. 35; *Atchison etc. R. R. Co.* v. *Holt*, 29 Kan. 149; *Jackson* v. *Kansas City etc. R. R. Co.*, 31 Kan. 761; *Atchison etc. R. R. Co.* v. *Ledbetter*, 34 Kan. 326.) The court erred in sustaining the objection to the question asked of the president of the defendant company as to whether he had at any time noticed any defect in the platform. (*Smith* v. *Whittier*, 95 Cal. 291, 292.)

*Carter P. Pomeroy*, also for Appellant.

The court erred in sustaining the objection to the question asked of the president of the defendant company as to whether he had at any time noticed any

defect in the platform. (Bailey's Master's Liability for Injuries to Servant, 530; *Boyle* v. *Mowry*, 122 Mass. 251.)

*H. H. Davis*, and *Dunne & McPike*, for Respondent.

The fact that the plaintiff had equal knowledge or means of knowledge with the defendant of the condition of the platform from which he fell does not of itself relieve the defendant from liability, but such knowledge is merely one of the probative facts upon which with other facts the ultimate question of negligence is to be determined. (*Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 261; *Magee* v. *North Pacific Coast R. R. Co.*, 78 Cal. 437; 12 Am. St. Rep. 69; *Martin* v. *California Cent. Ry. Co.*, 94 Cal. 330; *Hawley* v. *Northern Cent. Ry. Co.*, 82 N. Y. 370; *Carr* v. *Eel River etc. R. R. Co.*, 98 Cal. 373, 374.) The question asked of the defendant's president as to his knowledge of any defect in the platform was improper, and the objection thereto was properly sustained as the question called for the opinion of the witness. (*Sappenfield* v. *Main St. etc. R. R. Co.*, 91 Cal. 59, 60. See, also, *Kauffman* v. *Maier*, 94 Cal. 281–82.)

GAROUTTE, J.—Respondent was in the employ of appellant at its lumber-yard in the city of San Francisco. He was standing upon a high platform engaged in removing lumber from a rack, and while so engaged he fell therefrom and received serious injury. He recovered a judgment of five thousand dollars for such injuries, and this appeal is prosecuted from that judgment, and from an order denying a motion for a new trial.

Appellant's demurrer to the complaint was overruled, and such ruling of the court is now insisted upon as error. That portion of the complaint attacked by demurrer is as follows: "That said platform near said rack was carelessly and negligently constructed and built by defendants, who built and constructed said platform out of light lumber and scantling, the flooring

of said platform not being nailed or fastened, and without a railing around said platform, instead of building said platform by nailing the flooring thereof, and placing a railing around said platform; and by reason of not nailing down the flooring of said platform the boards shifted, and plaintiff in endeavoring to hold himself caught hold of a piece of said gutter lumber piled on the said rack, which piece of gutter lumber broke, and plaintiff fell to the ground." It is claimed by demurrer that the foregoing allegations of the complaint are uncertain in this, "that it does not appear whether the alleged injury resulted from the weight and character of the lumber used in the construction of a certain platform therein mentioned, or whether it resulted from the absence of nails in the flooring of said platform, or whether it resulted from the absence of a railing around the same, or whether it resulted from the breaking of a certain piece of gutter lumber piled near said platform."

This paragraph of the complaint does not comprise a perfect form of pleading. It does not contain that clear and concise statement of the facts constituting the cause of action contemplated by the code. At the same time, upon a close inspection of it, we do not think the uncertainty of which appellant complains really exists. Useless and surplus matters are stated therein, yet it is fairly apparent therefrom that the fall of respondent was occasioned by the shifting of the boards of the platform, and that the cause of the shifting of the boards lay in the fact that they were not nailed.

Aside from these reasons, if we concede the complaint defective in this regard by reason of uncertainty, yet that uncertainty is not such as demands a retrial of a case which has gone to judgment upon the facts. It is not in all cases where error has been committed by trial courts in overruling demurrers to complaints upon the grounds of ambiguity or uncertainty, that this court will order a reversal of a judgment based upon a trial of the issues made by the complaint and answer. The same rule applies to errors of this character as is in-

voked as to all other errors of the court. It must not
be mere abstract error, but it must be prejudicial and
injurious error in order to avail appellant, for otherwise
he has no cause of complaint. It is apparent to the
court from this record that no harm resulted to appel-
lant by reason of the order of the court overruling the
demurrer. The denials of the answer are full and com-
plete as to the manner in which the platform was con-
structed, and especially upon the issue as to whether or
not the boards were fastened by nails, and as to whether
or not they shifted by reason of the fact that they were
not so fastened. The case was tried upon these issues,
and the form of the complaint in this regard could not
have misled and injured appellant. As was said in
*Gassen* v. *Bower*, 72 Cal. 555: "Where a pleading is
demurred to for ambiguity, we think that if the party
was not misled to his prejudice the ambiguity cannot
be said to affect the substantial rights of the parties."
(See, also, *Reynolds* v. *Lincoln*, 71 Cal. 183.) In *Stark*
v. *Wellman*, 96 Cal. 400, *Mallory* v. *Thomas*, 98 Cal. 644,
and *Thelin* v. *Stewart*, 100 Cal. 372, the complaints re-
viewed by this court presented facts entirely different
from those here stated by the pleader. The remaining
questions raised by the demurrer have no force.

It is claimed that the evidence is insufficient to sup-
port the verdict. The platform upon which respondent
was standing at the time of his fall consisted of two
boards about ten inches wide and two inches thick, and
about twelve feet long, stretched upon scantlings or
wooden supports. Of these two boards the one nearer
the rack may be called the inside board, and the one
farther from the rack the outside board. Between the
outside and inside board there was a space of one or
two inches, and between the inside board and the rack
there was a space of between four and six inches. The
inside board was without nails, fastenings, or other
attachments to keep it in place. Between this inside
board and the rack there was this margin of from four
to six inches for shifting, and upon the other side of

this board, and between it and the outside board, a margin of one or two inches.   While in the act of pulling a refractory piece of moulding from the rack the inside board upon which respondent was standing shifted or moved toward the rack, and in consequence thereof he was precipitated to the ground below.   This scaffolding and platform had been erected by defendant some years prior to the accident, and was in the same condition upon that day as when first erected.   Respondent had been upon the platform but a few times prior to the accident, and knew of no defect or infirmity existing therein.   As to some of the foregoing facts there may be a slight conflict in the evidence, but *prima facie* they are all shown.   It is now claimed that the evidence fails to support the verdict in this, that conceding the platform to be defective in that the boards constituting the same were not nailed, still such defect was either known to respondent or should have been known by him, as he had equal means with his employer of possessing such knowledge; and for these reasons it is claimed that he assumed the danger and the risk.   Conceding the principle of law contained in the statement of this position to be sound, still these things were matters of defense to respondent's right of recovery. (*Magee* v. *North Pac. Coast R. R. Co.*, 78 Cal. 437; 12 Am. St. Rep. 69.)   The burden was upon appellant to show one or both of these conditions, and the evidence is not at all conclusive that he showed either.   It is not shown that respondent was aware that these boards were not fastened; neither is it at all clear that he had equal means with his master of becoming acquainted with such fact.   His master erected this scaffold and laid these boards, and by doing so must be held to have known that they were not nailed.   Respondent had not been notified of this condition; he had seen the platform but a few times; the defect could hardly be said to be a patent defect; and by no principle of law was the servant required to make a minute inspection of this appliance as to its being entirely safe and free from

defects before he was justified in assuming the risk of
working upon it.   It was the duty of the master to pro-
vide a scaffold and platform suitable to the purposes for
which it was intended, and in so providing he was
required to exercise reasonable care.   And what consti-
tutes reasonable or ordinary care must be determined in
the light of the special facts and circumstances sur-
rounding each particular case.   Again, the master is
required to use the same care in the inspection and
supervision of the appliance, for the purpose of dis-
cerning defects that may subsequently occur therein, as
is required of him originally in furnishing the appliance
or instrument.   To defeat the servant's right of recovery
he must not only be aware of the defect in the appliance,
but know and appreciate the risks and dangers resulting
or likely to follow from such defects; although he is in
no better position if he is ignorant of the defects and the
risks and dangers by reason of his failure to exercise ordi-
nary common sense and prudence in the examination of
the instruments and appliances placed in his hands with
which to labor.   These questions are involved in the
present case, and the true solution of them is entirely
and solely dependent upon the evidence introduced at
the trial.   In almost every case they are issues of fact
to be found upon by the jury, and not matters of law to
be declared by the court.   Upon an examination of the
evidence contained within the lids of this record we
have no hesitation in saying that the present case as to
its facts was one pre-eminently for the jury and not for
the court.

The president of the corporation appellant when upon
the witness-stand was asked the following question by
his counsel: " Did you notice at any time any defect in
this platform?"   Objection was sustained thereto upon
the ground that it called for the conclusion of the wit-
ness, and the ruling of the court in this regard is in-
sisted upon as prejudicial error, but for many reasons
we think it furnishes no occasion for a reversal of the
judgment.   Conceding the ruling erroneous, the wit-

ness in effect subsequently testified to all the matters involved in the question. The respondent presented his case to the jury upon the theory that the boards of the platform were not fastened, and that while standing upon the inside board it shifted by reason of not being so fastened, and the fall and injury followed. This witness testified: " My attention had never been directed to any defect by anybody in this platform. . . . . I can't say whether the inside board of the top platform was nailed or loose at the time." Again, we are not prepared to say that the question was unobjectionable. It was very general, and if it had been answered in the negative we are unable to see how the answer would have enlightened the jury or aided appellant's cause. Defects in the construction of this platform, in the minds of the jury, may not have been defects in the mind of the witness. The failure to fasten the platform may have been a serious defect in its construction, viewed from the juror's standpoint, and no defect whatever viewed from the standpoint of the witness. Hence, this answer, whatever it may have been, would point to no definite and certain conditions. The witness had the opportunity to testify as to the manner of the platform's construction in all its details, and there can be no question but that such would have been the better practice to have followed. The case was not one demanding the introduction of expert testimony, for the jurors, after they had been fully advised.as to the manner of its construction, were just as competent to determine whether or not it was defectively constructed as was any expert that might be produced upon the witness-stand.

Again, looking at the matter from appellant's point of view, if we concede that the answer to the question called for a statement of fact, it certainly was near the border line of objectionableness, and the trial court, in the exercise of its discretion and the conduct of the examination of witnesses, had the legal right to sustain an objection thereto. The principle discussed in *Kreuzberger* v. *Wingfield*, 96 Cal. 251, is directly in point here;

and, while the evidence was admitted in that case, it was held in effect that no material error would have been committed if it had been rejected, the court saying: " So in this case the trial judge might properly have required the plaintiff to ask questions touching all the details of the work of constructing the walk, its dimensions, and the grade upon which it was laid, and the quality of the materials used in its construction; but it was clearly a matter within the discretion of the trial judge to permit the general question, and the defendant could, if he had so desired, have called for more minute particulars upon the cross-examination of the witness." The court, in that case, also quote approvingly from *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108, wherein it said: " While it would not have been a legal error to have sustained the objection, I am of the opinion, under the circumstances of this case, that it was not a legal error to overrule it. The object of all examinations in judicial tribunals is to elicit truth, and there are many cases where the form of questions and the manner of examination must be left to the discretion of the trial judge."

There are no other questions raised by the record of sufficient importance to demand extended notice.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.