[S. F. No. 1448.   Department Two.—January 15, 1901.]

MINNA FOERST, Respondent, v. JOHN KELSO, Appellant.

NEGLIGENCE—BLASTING—INJURIES TO PERSON, HEALTH, AND PROPERTY—PLEADING—GENERAL DAMAGES—CERTAINTY.—In an action for damages caused by the negligent blasting of rocks by the defendant, to the alleged injury of the plaintiff's person and health, and also to the injury of her real and personal property, where the complaint merely alleges damages generally, it is demurrable for uncertainty for not stating with certainty what amount of damage was sustained to plaintiff's real and personal property.

ID.—APPEAL—RULING ON DEMURRER FOR UNCERTAINTY—SUBSTANTIAL RIGHTS OF APPELLANT.—Although the improper overruling of a demurrer for uncertainty which does not affect the substantial rights of the appellant is not ground of reversal, yet when it appears that it does affect his substantial rights, he is entitled to a reversal of the ruling.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

After the overruling of the demurrer to the complaint issue was joined by answer, and the plaintiff recovered a verdict for one thousand dollars damages.   Further facts are stated in the opinion of the court.

Edwin L. Forster, for Appellant.

F. J. Castelhun, for Respondent.

HENSHAW, J.—The complaint in this action prayed damages for injuries occasioned to plaintiff's property and person by reason of blasting operations negligently conducted by the defendant. It charged that the blasts showered a rain of rocks upon plaintiff's house and premises, "killing chickens . and breaking boards of house, stable, woodshed, chicken-house, and fence." That upon one occasion "two immense bowlders of rock were blown upon plaintiff's premises, one of which struck plaintiff's stable and passed through the roof, breaking rafters and boards, one of which struck and injured plaintiff's shoulder. That the other bowlder went crashing through the rear wall of the plaintiff's house, through a sink into the middle of plaintiff's kitchen in the second story, breaking windows, dishes, etc. . . . . That said blasting also caused plaintiff to become sick, ill, and nervous to such a degree that she has ever since suffered, and still suffers, from the effects thereof. . . . . That by reason of the premises plaintiff has suffered damages in the sum of five thousand dollars."

To this complaint defendant interposed special demurrers for ambiguity and uncertainty, charging that it could not be ascertained therefrom for what injuries the plaintiff asks damages, whether for personal injuries received by plaintiff or injuries to her real property, or for the killing of her chickens, or for the shaking or damages of the houses in the neighborhood. To this respondent makes answer that it sufficiently appears from the complaint that the damages are sought for injuries to plaintiff's health and to her real estate and to her personal property, and that, therefore, the demurrer was properly overruled. In this reliance is placed upon the case of *Sloane v. Southern Cal. Ry. Co.,* 111 Cal. 668; but so far as the question here involved was concerned, it was there decided merely that while it was necessary for the pleader to point out the particulars in which she had sustained injuries, namely, the humiliation and injuries to her health, in order that evidence thereof might be given at the trial, it was not necessary that she should designate the particular amount of damage which she had sustained by reason

of the indignity, distinguished from the amount sustained from the injury to her health. "These elements of damage," it is said, "were not capable of computation, nor would evidence of such amount have been admissible. This amount was to be determined by the jury in the exercise of an intelligent discretion." In the present case the demurrant asks in effect that the plaintiff be required to set forth with exactness, as it was easily possible for her to do, the amount of damage which she claims to have sustained by reason of the injuries to her real and personal property, for defendant might be willing to concede a good cause of action in plaintiff for these amounts while denying her any right of recovery for injuries to health. It is true that demurrers for ambiguity and uncertainty, when improperly overruled, should not always work a reversal of the judgment, and will not do so when it appears that the matters complained of by demurrer were so trifling as not to have affected any substantial right of the demurrant. (*Alexander v. Central etc. Mill Co.*, 104 Cal. 532.) But it is also true that when the demurrer for ambiguity or uncertainty, improperly overruled, affects the substantial rights of a party, he is entitled to a reversal of the ruling. Such were the cases of *Grandona v. Lovdal*, 70 Cal. 161, *Jacob v. Lorenz*, 98 Cal. 332, and *Mallory v. Thomas*, 98 Cal. 644, with which cases this is identical in principle.

It follows, therefore, that the judgment must be reversed, with directions to the trial court to sustain the demurrer to the complaint, with leave to plaintiff to amend and make more certain.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.