### EISELE v. ODDIE et al.

#### (Circuit Court, D. Nevada. February 2, 1903.)

#### No. 733.

1. COMPLAINT—SEPARATE STATEMENT OF CAUSES OF ACTION—NEVADA STATUTE.

Under Cut. Comp. Laws Nev. § 3159, which provides that, where two or more causes of action are united, they must be separately stated in the complaint, a complaint is demurrable which alleges in a single count an unlawful detention of real property, destruction and unlawful detention of personal property, an assault and injury to the person, and a threatened expulsion of plaintiff from a town, and prays damages in a lump sum, without alleging the amount of damages sustained by reason of either one of the unlawful acts charged.

2. SAME—BILL OF PARTICULARS.

The provision of Cut. Comp. Laws Nev. § 3151, that, in an action upon several accounts, it shall not be necessary to set out the items of such accounts, but that a bill of particulars may be demanded, has no application to a complaint setting up a number of separate causes of action in tort.

At Law. On demurrer to complaint.

Alfred Chartz and N. Soderberg, for plaintiff.

Kenneth M. Jackson, J. J. Kennedy, and Campbell, Metson & Campbell, for defendants.

HAWLEY, District Judge (orally). Plaintiff brings this action to recover damages. After stating the necessary facts to give this court jurisdiction, and averring plaintiff's ownership of certain real and personal estate, the complaint alleges:

"(5) That on or about the said 20th day of January, 1902, at Tonopah aforesaid, and while the plaintiff was so in the actual and peaceable possession of said lands and premises, tent and personal property, the said defendants, * * * with a multitude of people, riotously, with violence and strong hand, and by force of arms, wrongfully and unlawfully entered thereon and assaulted plaintiff, and in a rude, angry, threatening, and forcible manner ejected plaintiff, and put him out of said lands and tenements, and took and converted to their own use the said personal property, and all thereof, and destroyed by fire the said tent and a large amount of said personal property, and threatened to expel plaintiff from said town of Tonopah, contrary to the form of the statute of Nevada, and to the damage of plaintiff in the sum of five thousand dollars.

"(6) That said defendants unlawfully withhold and keep possession of said land and premises, and said personal property, except such part thereof as said defendants destroyed as aforesaid, and have so held and kept possession of the same at all times since the said 20th day of January, 1902."

—And demands judgment against defendants, and each of them, in the sum of $5,000.

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 113, 434.

To this complaint the defendants interposed a demurrer upon the grounds that said complaint does not state facts sufficient to constitute a cause of action; that several causes of action have been improperly united, and they are not each separately stated; that said complaint is uncertain in this: that it cannot be ascertained therefrom how much of plaintiff's demand is for the alleged conversion of the personal property, how much of plaintiff's demand for damages is for the alleged forcible ejectment of plaintiff from the real property, how much of plaintiff's demand for damages is for the alleged withholding of plaintiff from the premises described in the complaint, how much of plaintiff's demand for damages is for the assault therein alleged to have been committed on plaintiff, nor how much of the plaintiff's demand for damages is for the alleged threatened expulsion of plaintiff from the town of Tonopah.

It will be observed that there are divers causes of action united in one averment, viz., the unlawful detention of real property, destruction and unlawful detention of personal property, injuries to person and property, and threatened expulsion of plaintiff from Tonopah, all blended together in one count, without being "separately stated," as required by section 3159, Cut. Comp. Laws Nev.; and the damages are claimed for a lump sum, without any attempt to set forth what amount of damages is claimed for each cause of action. It is manifest that the demurrer based on the ground "that said complaint states several causes of action, and they are not separately stated," is well taken. Counsel for plaintiff admits that the complaint does not, in this respect, comply with the provisions of section 3159, but contends that, under the provisions of section 3151, full relief could be afforded by the court ordering a bill of particulars to be furnished to defendants, instead of sustaining the demurrer. The answer to this contention lies in the fact that section 3151 has no application to this case. It is confined to actions brought upon several accounts, and provides that "it shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but he shall deliver to the adverse party within five days after a demand thereof, in writing, a copy of the account, or be precluded from giving evidence thereof." In support of his views, counsel cites and relies upon certain principles announced in Tilton v. Beecher, 59 N. Y. 176, 184, 17 Am. Rep. 337. A careful examination of the facts of that case clearly distinguishes it from this case in every particular. There the appellate court held that the lower court had power to require plaintiff to furnish a bill of particulars, in an action of crim. con., as to times, dates, and places. There was but one cause of action in the complaint, and the court was not called upon to review any rule of practice under a statute which declares that, where two or more causes of action are united, they must be separately stated; and the statute of New York in regard to cases where a bill of particulars might be demanded is totally dissimilar from section 3151 (Cut. Comp. Laws) of this state, in this: that it expressly declares that "the court may in all cases order a bill of particulars of the claim of either party to be furnished." Mallory v. Thomas, 98 Cal. 644, 33 Pac. 757, cited by defendant, both in its facts and the principles of law applicable

thereto, bears close analogy to the case at bar. There the plaintiffs brought an action to recover damages for an alleged trespass and destruction of certain property; and the complaint, after stating the trespass, alleged that the defendant, in entering upon her premises, tore down the ceiling overhead, a partition wall, the plastering on the front of said building, and caused great damage to plaintiff's goods and business, and rendered said premises unfit for the uses and purposes of plaintiff's business, and thereby broke up and destroyed said business of plaintiff, and that the same was done in a threatening and terrorizing manner, so that she suffered great mental and physical distress, and that she was damaged thereby in the sum of $5,000. The court held that the demurrer to the complaint should have been sustained, and, among other things pertinent to this case, said:

"In the present case the plaintiff should have alleged the value of the property destroyed, the amount of damage done to the premises occupied by her, and the damages sustained by the injury to her business. Each of these elements constituted a distinct portion of the plaintiff's claim, and was capable of exact statement; and the defendant had the right to be informed of the amount of the claim for each, so that he might be prepared with evidence at the trial to meet the claim. He might be willing to concede the amount claimed for each, and limit his defense to the claim for punitory damages."

The general principles therein announced have not been overruled or questioned by any of the subsequent decisions in that state, as claimed by plaintiff, but, on the contrary, have been affirmed and followed in Foerst v. Kelso, 131 Cal. 376, 63 Pac. 681, where the court expressly held, in an action for damages to the alleged injury of the plaintiff's person and health, and also to the injury of her real and personal property, that the complaint, which merely alleged damages generally, is demurrable for uncertainty in not stating what amount of damages was sustained to plaintiff's real and personal property.

It is proper to add that, in amending the complaint with reference to the amount of damages claimed under each separate cause of action, the plaintiff will not necessarily be required to state whether he claims exemplary damages in each particular cause of action, although there are several authorities where it has been held to be the better practice so to do. The general rule, however, seems to be that it is sufficient if he makes a case by his pleading and proofs upon the trial which will, under the law, entitle him to exemplary damages. Peers v. Water Co., 119 Fed. 400.

The demurrer is sustained.