[S. F. No. 3092.    Department Two.—January 14, 1905.]

PATRICK ROONEY, Respondent, v. GEORGE F. GRAY and HARRY GRAY, Copartners as Gray Brothers, and MARY LYNDE CRAIG, Defendants; GRAY BROTHERS, Appellants.

PLEADINGS—SECOND AMENDED COMPLAINT—ERRORS IN RULING UPON FORMER COMPLAINTS.—Where issues were joined and a trial had upon a second amended complaint the former complaints were superseded, and any errors in rulings made upon the former complaints are immaterial.

ID.—SUFFICIENCY OF AMENDED COMPLAINT—INJUNCTION—DAMAGES—DEMURRER—MISJOINDER OF CAUSES.—Where the second amended complaint sought an injunction to restrain injuries to plaintiff's premises from blasting operations of the defendant, and for damages for injuries sustained thereby, and in aid of the injunction not only alleged the throwing of large rocks upon his premises, but also set forth injuries to sewers, causing sewer gas to arise on the premises, and clouds of fine dust, affecting the health of plaintiff and his family, and injuring their carpets, curtains, and furniture, a demurrer for misjoinder of causes of action was properly overruled.

CXLV. Cal.—48

Id.—Improper Assumptions in Demurrer.—Grounds of demurrer as·
suming that the complaint was solely one for damages were prop·
erly overruled.

Id.—Uncertainty as to Damages—Specific Denials of Complaint—
Trial.—Though the amended complaint was to some extent uncer-
tain as to the exact amount of the damages sustained by plaintiff
for the particular injuries complained of, yet where the answer
specifically denied all the allegations of the complaint and a trial
was had upon the issues thus joined, the defendants were not preju-
diced by the refusal of the court to sustain a demurrer for such un-
certainty.

Id.—Change in Order for Judgment—Absence of Bill of Excep-
tions.—A change in the order for judgment without setting aside
or modifying the first order, is not available upon the judgment-roll
alone, in the absence of a bill of exceptions to such change.

Id.—Judgment for Damages—Absence of Injunction—Appellants·
not Prejudiced.—The appellants cannot be prejudiced by a judg-
ment for damages warranted by the evidence, and cannot complain.
that no injunction was awarded against the appellants.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

Barna McKinne, for Respondent.

LORIGAN, J.—This action was brought to enjoin the de-
fendants—the Gray Brothers—from working and operating
a quarry and rock-crushing plant adjoining the premises of
plaintiff in the city and county of San Francisco, and also to
enjoin the defendant Craig, the owner of the premises upon
which said quarry and rock-crushing plant is located, from
renting them to the said Gray Brothers for such purpose.
Plaintiff sought also to recover damages in the sum of five
thousand dollars from the Gray Brothers for injuries to three
dwelling-houses on his premises, it being alleged that the
concussions occasioned through the blasting operations in said
quarry had loosened and weakened the foundations of said
houses, causing them to settle; that the blasts had broken the
windows and projected large rocks through the sides and roofs
of said dwellings, breaking large holes therein, rendering
them unfit for use or occupation; and that the said Gray

Brothers had negligently placed large quantities of dirt, waste rock, and screenings from their quarry on vacant land adjoining plaintiff's premises, which, during a heavy rainstorm, was washed down and carried on the premises of plaintiff and deposited to the depth of from four to six feet against the west wall of a two-story frame dwelling owned by plaintiff, which caused said dwelling to be thrown out of plumb, bulged in the center, and greatly injured. The court rendered judgment in favor of plaintiff against the Gray Brothers for fifteen hundred dollars, and in favor of the defendant Craig against plaintiff for costs.

From this judgment the Gray Brothers appeal, and the case is presented here upon the judgment-roll, accompanied by bills of exceptions as to some points of alleged error not available on the face of the roll.

1. The complaint in this case was twice amended, and it is urged that the court erred in overruling defendants' several demurrers to the original and the two amended complaints and denying their motion to make the original complaint more certain and definite, as likewise their motions to strike out certain portions of the second amended complaint, and it is the accuracy of the rulings of the court on these several motions which is presented under the bills of exceptions.

We are not concerned, however, with the rulings of the court upon the original or first amended complaint. These pleadings were superseded by the second amended complaint, which was answered by the defendant, and upon the issues thus made the cause was tried and judgment rendered. If this second amended complaint was not vulnerable to the attack the defendants made upon it by demurrer or motion to strike out, then it is of no moment whether the court erred in its rulings on the demurrer or motion to the previous pleadings of plaintiff or not; the sufficiency of this last pleading is alone in question.

This demurrer to the second amended complaint, to treat of it briefly and in respect to the particular points upon which it is urged it should have been sustained, was interposed upon the assumption, unwarranted by the pleadings, that the complaint was framed for the recovery of damages solely, while it is clear that under it plaintiff sought an injunction to restrain defendants from further prosecuting blasting and rock-crushing

in the vicinity of his premises, as well as for damages which he alleged he had already sustained in injuries to his dwellings thereby. With a view of sustaining a right to an injunction, plaintiff averred, among other things, that the quarry was operated in such a manner by the Grays as to constantly throw large rocks upon his premises, which covered the land with débris; that large amounts of dirt and screenings from said quarry deposited by the defendants on the streets and sidewalks adjoining the premises of plaintiff had been swept by wind and rain upon his premises, filling up the sewers, preventing the sewage from flowing therein, and causing great volumes of sewer-gas to arise therefrom, endangering the health and lives of plaintiff, his family, and his tenants; that his houses (two of which were occupied by tenants, one by himself) were being injured from rocks cast upon and hurled through them, and the lives and safety of their occupants endangered thereby; that the effect of the said blasts and operations of the rock-crusher was to cause great clouds of dust and fine sand to arise, filling the air about and in plaintiff's houses, to the great injury of the health of the plaintiff and his family, and that said dust settled in the houses, ruining the carpets, curtains, and household furniture therein.

It is clear from these allegations of the complaint, that they were made with a view of obtaining an injunction against defendants, and, except as to the allegations of plaintiff's injuries to his houses from the blasts, were not made the basis of the demand for damages.

So that in this view there was no merit in defendants' demurrer on the ground that several causes of action—damages for injuries to the person and damages for injuries to the property—were improperly united, or, if not improperly united, should have been separately stated, and hence the demurrer on this ground was properly overruled. The only damages sought were for injuries to the houses, particularly the two-story dwelling, the allegations concerning which we have already called attention to.

There are other grounds of demurrer interposed which could not possibly have any merit, unless on the assumption that the complaint was solely one for damages, and as it appears that that assumption is entirely erroneous, it would be waste of time to attempt to discuss them.

The demurrer urged also various particulars in which the complaint was uncertain, most of which, like the other grounds of demurrer just disposed of, being predicated on a false theory as to the scope of the complaint, have no force.

It is particularly insisted, however, in the same line, that the demurrer should have been sustained upon the ground that, as to the injuries to his property for which plaintiff did seek damages, the complaint is uncertain as to the manner, extent, or amount thereof.

It must be conceded that a more perfect pleading in this respect, as in some other particulars, might have been prepared, especially after three efforts in that regard, and it is possible that it may be to some extent open to the last objection urged against it—that it does not set forth with sufficient certainty the exact amount of damages sustained by the particular injuries complained of, although as to the manner and extent of those injuries the complaint is clearly certain enough. Yet we do not think it so fatally defective as to the allegation of damages that the order of the court overruling it should be reversed. The general rule requiring the amount of damages sustained by several alleged wrongful acts of a defendant to be stated with exactness is in order that the defendant may have an opportunity of determining whether he will concede a good cause of action for any or all of the amounts claimed, or that, if not so conceding, he may be able to prepare himself with evidence upon the trial to contest them. (*Mallory* v. *Thomas,* 98 Cal. 644, 647; *Foerst* v. *Kelso,* 131 Cal. 376, 378.) Now, it is quite evident from the record in this case that the defendants were not injured by the refusal of the court to sustain the demurrer in this respect under the above rule, or any extension of it which now suggests itself to us, because the answer of the defendant consists of a specific denial of all the allegations of the complaint. They deny that any of the injuries asserted by plaintiff occurred either through their acts or at all. Having presented these square issues, and the cause having been tried on them, it cannot be said that the alleged uncertainty in the complaint as to the amount of damages claimed to have been sustained by plaintiff, could have misled or prejudiced the appellants, as their contention was that the plaintiff had suffered no injury at all.

When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal upon the ground of error in overruling a demurrer interposed on the ground of uncertainty in the complaint, it must appear that some substantial right of the demurrant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint. (*Alexander v. Central etc. Co.,* 104 Cal. 537; *Foerst* v. *Kelso,* 131 Cal. 376, 378.)

As to the motion to strike out portions of the second amended complaint, it is enough to say that the court granted the motion as far as the defendant was entitled to it.

2. In the record appears a "minute order for judgment" made by the trial court May 10, 1901, ordering that plaintiff have judgment against defendant for the sum of fifty dollars. On December 7, 1901, findings and conclusions of law awarding plaintiff fifteen hundred dollars damages were filed and a judgment for that amount recorded and docketed.

It is insisted by appellants that the court erred in making a second and different order for judgment, without setting aside or modifying the first.

But this point is not available to the appellants on the record. It cannot be considered upon an appeal from the judgment on the judgment-roll alone; it should have been presented for consideration to this court on a bill of exceptions. The first order for judgment may have been set aside by consent of the parties or by an order of the court, and the entry in the minutes to that effect would not appear in the judgment-roll. As is said in *Paige* v. *Roeding,* 96 Cal. 391, relative to the setting aside of a prior judgment, and which applies with all the more force as to setting aside a prior order: "Circumstances may have arisen wherein the trial court would have been justified, under the law, in setting aside the first findings and judgment, and in filing the second findings and judgment; and with no showing to the contrary, we must assume that such circumstances did arise. . . . As already suggested, we find no bill of exceptions in the record, and it is only upon a bill of exceptions that we would be allowed to examine into the sufficiency of the reasons which moved the court to set aside and declare void its first judgment rendered in the case. Its order may have been erroneous, or

it may have been entirely void, but the matter is not a proper subject of inquiry before us, not having been presented for a review in any form authorized by the statute." (Also, *Von Schmidt* v. *Von Schmidt*, 104 Cal. 549.)

3. There is nothing in the point that the court failed to find upon the issue as to the right to an injunction. As we read the findings, we think it did. But if it did not it could not affect the judgment which was rendered. This was solely for damages, and was based upon sufficient findings to warrant it, and plaintiff was entitled to recover such damages thereunder whether there was a finding on the issue of the right to an injunction or not. The court awarded no injunction against appellants, and they have no cause to complain.

The judgment appealed from is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.