[Civ. No. 2031.  Third Appellate District.—November 15, 1920.]

## G. D. HOBSON, Respondent, v. JOHN SILVEA, Appellant.

[1] NEGLIGENCE—DESTRUCTION OF AUTOMOBILE—PLEADING—DAMAGE. In an action for the loss of an automobile by fire while stored in defendant's garage, an allegation in the complaint that by reason of the failure, refusal, and negligence of defendant, the machine became wholly lost to plaintiff in a named sum, is in legal effect an averment of damage.

[2] ID.—SUFFICIENT ALLEGATION OF NEGLIGENCE.—An averment in the complaint in such action that the defendant neglected to remove the machine from the garage, and also that he neglected to allow others to do so, and by reason of such negligence the automobile was destroyed, is a sufficient allegation of negligence, as against a general demurrer.

[3] APPEAL—JUDGMENT—DEFECTIVE COMPLAINT.—A defective allegation in a complaint will not be permitted to defeat the judgment when reviewed on appeal if the complaint, taken as a whole, substantially covers the point.

[4] ID.—TENDER OF STORAGE CHARGES—DEMAND FOR PROPERTY—UNNECESSARY ALLEGATIONS.—In such action, it is not necessary to allege a tender of storage charges or of demand for the return of the property.

[5] ID.—NEGLIGENT OMISSION OF DEFENDANT—SUFFICIENCY OF EVIDENCE.—In such action, a finding that the loss occurred through the negligence of the defendant is sufficiently supported by evidence that the defendant stood by for a period of time ranging from twenty to thirty minutes watching the fire and without making any effort to remove the automobile, and that such omission occurred after the danger of the destruction of the garage became imminent and after the attention of the defendant had been drawn to the danger.

APPEAL from a judgment of the Superior Court of Shasta County. J. E. Barber, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carr & Kennedy for Appellant.

1. Duty and liability of garage-keeper to owner of car, notes, **Ann. Cas.** 1913E, 835; **Ann. Cas.** 1915D, 957; 45 **L. R. A. (N. S.)** 314; 48 **L. R. A. (N. S.)** 561.

Roscoe J. Anderson for Respondent.

PREWETT, P. J., *pro tem.*—In this case the respondent brought his action against the appellant to recover damages for the loss of an automobile stored in the latter's garage. The allegations of the complaint are in substance that the appellant received the automobile for storage in his garage at an agreed monthly rental; that the garage was situated across the street from a large hotel; that the hotel caught on fire and was wholly consumed; that the fire spread and passed across the street and ignited the appellant's garage and totally consumed and destroyed the automobile. The fire occurred in a small village, and within a few minutes after it was discovered the entire population of the village, including the appellant, gathered at the scene of the fire and made efforts to suppress it. The appellant had on the same side of the street with his garage and a short distance therefrom a larger and presumably more valuable building, and he devoted his attention constantly to this building to the neglect of the garage and its contents. The precise period of time during which the appellant was at the scene of the fire and before the garage had become so far destroyed as to render a rescue of the automobile impossible is somewhat uncertain, but probably about half an hour. The appellant made no effort to remove the automobile from the garage, nor did he solicit the help of any of the bystanders for that purpose. The door of the garage was locked, and several bystanders, who attempted to force an entrance for the purpose of removing the automobile, were unsuccessful. One of the bystanders went to the appellant and asked for the key to the garage. The answer of appellant is not known, as the commotion and noise drowned his voice, but he motioned toward the burning hotel. The party then turned toward the hotel to see if he could find anyone who had the key. He was unsuccessful in his efforts. The evidence shows that the appellant is an aged man and at the time of the fire was in ill health, and also that he was unable to manipulate the running of an automobile. It is further shown, however, that the exit from the garage and from the point in the garage where the automobile stood slopes downward, so that a person, whether skilled or unskilled

in the manipulation of an automobile, could, by removing some obstructions placed before the wheels, run the automobile out of the garage without turning on the power. The complaint shows that the automobile had a value of about $1,000, although the trial court found that it was not more than $650. The trial court sustained all the allegations of the complaint and rendered judgment in favor of the respondent for damages. The appellant offered no evidence.

[1] The appellant insists that his demurrer to the complaint should have been sustained. We are not able to concur in this view. He complains that it is difficult to describe the complaint by reference to any of the forms known to the common law. The action, however, is an action on the case, and the allegations of the complaint are appropriate to that form of action. The appellant urges the point that the complaint does not in terms aver any damage to the respondent. It is true that the word "damage" is not actually used in the complaint, but other words, the equivalent thereof, are used. One part of the complaint reads: "By reason of the failure, refusal or negligence of the defendant, as aforesaid, the said properties of the plaintiff became and were wholly lost to the plaintiff herein, in the sum of $1,003." This, in legal effect, is an averment of damage arising from the destruction of the automobile.

[2] It is further insisted that the complaint does not aver any negligence on the part of the appellant, but a reference to paragraph 5 of the complaint shows that this claim is without foundation. In said paragraph it is expressly averred that the appellant neglected to remove the property from the garage, and also that he neglected to allow others to remove it, and by reason of his negligence the property was destroyed. These allegations in terms show the negligence of the appellant. The demurrer (as to this point) is general, and the complaint is good as against a general demurrer. [3] Moreover, as to a mere defective allegation, it is the rule that if the complaint, taken as a whole, substantially covers the point, then the defective allegation will not be permitted to defeat the judgment when reviewed on appeal. In this connection the cases of *Rooney* v. *Gray Bros.*, 145 Cal. 753, [79 Pac. 523], and

*Dennis* v. *Crocker-Huffman Co.,* 6 Cal. App. 58, [91 Pac. 425], are in point.

[4] The next point urged in support of reversal is that there is no allegation in the complaint that the respondent paid to the appellant the agreed monthly storage. This is true, but the respondent is not suing for the property. If he were suing in replevin, a tender of the charges might be necessary. He is not suing for the property, nor is he suing for its value. His action is for damages for a distinct tort, having no reference to the contract of bailment other than that the contract, by its terms, devolved upon the appellant the duty of exercising ordinary care in the preservation of the property. The suit being for a failure to exercise this ordinary care; it can be maintained without reference to the tender of any charges. These observations cover also the point that the respondent made no demand for the property. No demand is alleged in the complaint and none was necessary. The plaintiff, however, proved a demand for damages.

[5] We think the chief point urged by the appellant is that the evidence is insufficient to support the finding of the court. The evidence in the case is such that findings in behalf of either party could and would be sustained by an appellate court. It is a familiar doctrine that a court on appeal will not interfere with the finding of the lower court if there is a substantial conflict in the evidence, and that there is sufficient evidence to sustain the finding. The evidence does substantially show that the appellant stood by for a period of time ranging from twenty to thirty minutes watching the fire, and without making any effort to remove the automobile from the impending danger. This omission occurred after the danger of destruction of the garage became imminent and after the attention of the appellant had been drawn to the danger. Under these circumstances it would be difficult to say that the trial court was not justified in finding that the loss occurred through the negligent omission of the appellant, and this is all that is necessary to sustain the judgment.

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1921.

All the Justices concurred.