[Civ. No. 2365.  Third Appellate District.—October 17, 1921.]

## SUSIE SORAHAN SUGRU, Appellant, v. JAMES SUGRU, Respondent.

[1] PLEADING—DAMAGES—INSUFFICIENT COMPLAINT.—In this action, in which there was no allegation of damage but in which the plaintiff sought to recover from the defendant a sum of money because of the trouble and expense to which she had been put by reason of the defendant's having taken an appeal from a judgment in her favor in a prior claim and delivery action and because of the depreciated value of a certain horse at the time it was returned to her, after the affirmance on appeal of the judgment in such prior claim and delivery action, the complaint was subject to demurrer, not only on the ground of insufficient facts, but also on the grounds that it was uncertain, ambiguous, and unintelligible.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Henion and Fred J. Harris for Appellant.

N. J. Barry for Respondent.

FINCH, P. J.—The defendant's demurrer to the complaint was sustained and on plaintiff's failure to amend the action was dismissed. From the judgment of dismissal the plaintiff appeals.

The complaint alleges that the plaintiff was the owner, on a certain date, of a horse, harness, bridle, halter, buggy robe, whip, and a cow; that the defendant was at that time in the wrongful possession of said property; that plaintiff demanded the return thereof but that defendant refused; that plaintiff then sued the defendant in the justice's court and was "awarded the right of possession"; that defendant took an appeal to the superior court and thus "willfully, and maliciously and intentionally forced upon the plaintiff a great expenditure of money, loss of valuable time, annoyance, and distress of mind"; that the superior court gave judgment in favor of plaintiff for the return of the property or the value thereof in the sum of $224; that the defendant failed to comply with the judgment "but on the contrary turned the dark brown saddle horse out to wander away, starve, and die of thirst, among the hills. . . . The dark brown saddle horse being a pet of the plaintiff for which she had that affection for, incident to most humanity, she in person and at great expense at last located the same, which when so found was poor, and had so suffered for want of food and water, and its exposure to the elements, that it was only of the value of ten dollars, and could only find a part of the balance of the personal property aforesaid, which she took into her possession, the value of which is five dollars. Wherefore the plaintiff demands judgment against the defendant for the sum of ten thousand dollars."

[1] The defendant demurred on the ground of insufficient facts and that the complaint is uncertain, ambiguous, and unintelligible. The demurrer is well taken on all the grounds stated. There is no allegation of damages or the amount thereof. That the complaint is subject to demurrer for uncertainty is so apparent that citation of authorities seems unnecessary. However, the following are in point: *Mallory* v. *Thomas,* 98 Cal. 644 [33 Pac. 757]; *Lamb* v *Harbaugh,* 105 Cal. 680 [39 Pac. 56]; *Foerst* v. *Kelso,* 131 Cal. 376 [63 Pac. 681]; *Lapique* v. *Ruef,* 30 Cal. App. 391 [158 Pac. 339].

The judgment is affirmed.

Prewett, J., *pro tem.,* and Burnett, J., concurred.