[Civ. No. 5297.   First Appellate District, Division One.—September 28, 1926.]

## LELA HUTSON et al., Respondents, v. THE OWL DRUG COMPANY (a Corporation), Appellant.

[1] PERSONAL RIGHTS—ACTION BY NEGRO—EMPLOYER AND EMPLOYEE—ASSAULT—FINDINGS—APPEAL—ISSUES.—On an appeal by the defendant upon the judgment-roll alone in an action by a negro for damages for a violation of personal rights and for an assault committed by defendant's employee, in reference to defendant's contention that the findings show that the defendant was not responsible for the assault alleged to have been committed, it will be concluded from the fact that the trial court did not find upon the question whether or not the acts constituting the assault were within the scope of the employee's authority, or, if not within the scope of his authority, whether the assault was acquiesced in by defendant, that the action was tried on the one issue and that the damages allowed were allowed as damages sustained because the plaintiff in question was not accorded the same accommodations, advantages, facilities, and privileges, applicable alike to persons of the white race.

[2] ID.—VIOLATION OF CIVIL RIGHTS — SUFFICIENCY OF FINDING. — The finding that the plaintiff was not accorded the full accommodations, advantages, facilities, and privileges applicable alike to and given by defendant to persons of the white race is direct and certain and answers defendant's assignment of error to the effect that the findings of fact do not show a violation by the defendant of plaintiffs' civil rights.

[3] ID.—DAMAGES—ISSUES — PLEADING — OVERRULING OF DEMURRER—ABSENCE OF PREJUDICE.—Defendant could not have been misled or prejudiced by the trial court's action in overruling its demurrer to plaintiffs' complaint based upon the ground that the complaint was uncertain in that it did not show what part of the damages claimed

---

3.   See 2 **Cal. Jur.** 1014.

by plaintiffs was based upon the alleged violation of personal rights and what part was based on personal injuries, where it was defendant's contention, and the action was tried on the theory, that plaintiffs had suffered no injury at all.

(1) 4 C. J., p. 775, n. 26.    (2) 11 C. J., p. 809, n. 93, p. 813, n. 64 New.    (3) 4 C. J., p. 935, n. 70.

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Donald Barker and Harry A. Keithly for Appellant.

Griffith Jones and John J. Craig for Respondents.

CAMPBELL, J., *pro tem.*—This is an action for damages for alleged violation of section 51 of the Civil Code relating to personal rights and for assault and battery. The judgment-roll only is before the court.

Appellant bases its appeal upon the following specifications: 1. That the findings of fact show clearly that the defendant was not responsible for the assault found to have been committed; 2. That the findings of fact do not show a violation by the defendant of the plaintiffs' civil rights; 3. That the defendant's demurrer to the complaint was erroneously overruled.

As to the first specification, it is not claimed by respondent that appellant was responsible for any injury resulting to appellant from the assault found to have been committed by its employee. Respondents' position being that the fact of the assault, together with the fact that the employee Tucker remarked in a loud voice: "What did you serve the nigger for? I wouldn't have served her. She could have set there until tomorrow," established the fact that respondent was not accorded the same accommodation applicable alike to all citizens. Section 51 of the Civil Code provides: "All citizens within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels, eating houses, places where ice-cream or soft drinks of any kind are sold for consumption on the

premises," etc., and section 52 of the same code provides: "Whoever denies to any citizen, except for reasons applicable alike to every race or color, the full accommodations, advantages, facilities and privileges enumerated in section fifty-one of this code, or who aids or incites such denial, or whoever makes any discrimination, distinction or restriction on account of the race or color . . . for each and every such offense is liable in damages," etc.

The court found that the plaintiff was at the time alleged an American citizen and a negro; that she entered the establishment of defendant corporation at the corner of Fifth and Broadway, Los Angeles, California, and took her place at the soda fountain where the general public is served with food and drinks, and gave her order to one Mr. Tucker, who was then one of the employees of defendant corporation, then acting in the regular course of his employment, assisting about and in dispensing food and drinks for defendant corporation; that said employee Tucker did refuse to serve plaintiff Lela Hutson; that after waiting about twenty minutes another employee served her with her order, but placed same amongst dirty dishes on the counter; that said employee Tucker remarked in a loud voice: "What did you serve the nigger for? I wouldn't have served her; she could have set there until tomorrow"; that thereafter the said employee Tucker hit the plaintiff on the face and threw a cup of coffee on her; that he struck her a severe blow on the jaw and hit her on the breast with the cup of coffee; that at the time of the aforesaid occurrence there was a large number of people in the store; that plaintiff suffered great humiliation and embarrassment and received painful injuries to her cheek and jaw; that she was not accorded the full accommodations, advantages, facilities, and privileges applicable alike to and given by defendant corporation to persons of the white race. As conclusion of law the court concludes that plaintiffs are entitled to recover of and from defendant damages in the sum of five hundred dollars.

[1] The transcript of the testimony is not before us, but from the fact that the court has not found upon the question whether or not the acts constituting the assault were within the scope of the employee's authority, or, if not within the scope of his authority, whether the assault

was acquiesced in by appellant, which facts are alleged in the complaint and denied in the answer, we conclude that the action was tried on the one issue and that the damages allowed were allowed as damages sustained because respondent was not accorded the same accommodations, advantages, facilities, and privileges, applicable alike to persons of the white race.

[2]  While it is often difficult, as will be found from a review of the decisions *in re* violation of civil rights, to show that the complainant was denied full accommodations simply and solely on account of complainant's race or color, the finding in this instance is direct and certain and clearly answers the assignment of error set forth in specification 2.

[3]  The third specification upon which appellant bases its appeal, that the demurrer should have been sustained upon the ground that the elements of damage should have been more specifically alleged, that it is uncertain what part of the damages claimed by respondents is based upon the alleged violation of personal rights of said accommodations, etc., and what part because of alleged personal injuries, is passed upon directly in *Rooney* v. *Gray Bros.*, 145 Cal. 757 [79 Pac. 524]. In that case the court says:

"It must be conceded that a more perfect pleading in this respect, as in some other particulars, might have been prepared, and it is possible that it may be to some extent open to the last objection urged against it—that it does not set forth with sufficient certainty the exact amount of damages sustained by the particular injuries complained of, although as to the manner and extent of those injuries the complaint is clearly certain enough. Yet we do not think it so fatally defective as to the allegation of damages that the order of the court overruling it should be reversed. The general rule requiring the amount of damages sustained by several alleged wrongful acts of a defendant to be stated with exactness is in order that the defendant may have an opportunity of determining whether he will concede a good cause of action for any or all of the amounts claimed, or that, if not so conceding, he may be able to prepare himself with evidence upon the trial to contest them. (*Mallory* v. *Thomas*, 98 Cal. 644, 647 [33 Pac. 757]; *Foerst* v. *Kelso*, 131 Cal. 376, 378 [63

Pac. 681].) Now, it is quite evident from the record in this case that the defendants were not injured by the refusal of the court to sustain the demurrer in this respect under the above rule, or any extension of it which now suggests itself to us, because the answer of the defendant consists of a specific denial of all the allegations of the complaint. They deny that any of the injuries asserted by plaintiff occurred either through their acts or at all. Having presented these square issues, and the cause having been tried on them, it cannot be said that the alleged uncertainty in the complaint as to the amount of damages claimed to have been sustained by plaintiff could have misled or prejudiced the appellants, as their contention was that the plaintiff had suffered no injury at all.

"When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal upon the ground of error in overruling a demurrer interposed on the ground of uncertainty in the complaint, it must appear that some substantial right of the demurrant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint. (*Alexander* v. *Central etc. Co.*, 104 Cal. 537 [38 Pac. 410]; *Foerst* v. *Kelso*, 131 Cal. 376, 378 [63 Pac. 681].)"

In the instant case, as in *Rooney* v. *Gray Bros.*, the answer of defendant denies that any of the injuries asserted by plaintiffs occurred, and the case having been tried on the issues thus framed, it cannot be said that the alleged uncertainty in the complaint as to the amount of damages claimed to have been sustained by plaintiffs could have misled or prejudiced the appellant, as its contention was that plaintiffs had suffered no injury at all.

The judgment appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1926.